572 So.2d 358 (1990)
STATE of Louisiana
v.
Guillermo W. RODRIGUEZ.
No. KA900359.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
Writ Denied March 8, 1991.
Mark Rhodes, Asst. Dist. Atty., Houma, for plaintiff and appelleeState.
Roy A. Jefferson, Indigent Defenders Bd., Houma, for defendant and appellant Guillermo W. Rodriguez.
Before SAVOIE, CRAIN and FOIL, JJ.
SAVOIE, Judge.
Guillermo Rodriguez was charged by bill of information with distribution of marijuana, a violation of LSA-R.S. 40:966 A(1). He pled not guilty, was tried by jury and was found guilty as charged. Subsequently, the state filed a "motion to sentence as a second offender" (pursuant to LSA-R.S. 40:982) in the district court.[1] Following a multiple offender hearing on the motion, the trial court adjudged defendant to be a second offender under the provisions of LSA-R.S. 40:982; and the court sentenced defendant to imprisonment at hard labor for a term of fifteen years and to pay a fine of one thousand dollars and court costs. He has appealed, urging six assignments of error:
1. The sentence imposed by the trial court is excessive.
2. The trial court erred in enhancing defendant's sentence pursuant to LSA-R.S. 40:982 because the prerequisite of law relating to such an enhancement was not met.
3. The provisions of LSA-R.S. 40:982 are unconstitutional because they violate the due process and equal protection *359 guarantees of the constitution of the United States and Louisiana.
4. The jury's verdict is contrary to the law and the evidence.
5. The trial court erred by denying defendant's motion for a new trial.
6. The trial court erred by denying defendant's motion for post verdict judgment of acquittal.
The record reflects that the instant offense occurred on February 21, 1989, at the Terrebonne Parish Jail. At the time, defendant and Gerald Jerome Williams were inmates at the jail.
At about 8:30 a.m. on the day in question, Roland Lirette, a correctional officer at the jail, met with Williams concerning a fight which had occurred between Williams and another inmate. At the conclusion of their meeting, Lirette proceeded to escort Williams back to the area of the prison in which Williams was housed. To do so, Lirette and Williams had to pass through the prison's law library.
According to Lirette's trial testimony, defendant was sitting in the library when he and Williams entered the library. Defendant stood up, walked to Williams and handed Williams a picture. Lirette then observed defendant "slip" an object into the pocket of Williams' prison uniform. When Lirette and Williams walked out of the library, Lirette asked Williams for the object. Williams initially refused to surrender it to Lirette. Williams told Lirette it was just matches; and, after several requests by Lirette that Williams give him the object, Williams gave him the object (a match box).
Lirette opened the match box and observed that it contained six handrolled cigarettes. During the initial investigation of the crime, law enforcement officers broke one of the cigarettes into two pieces in an effort to ascertain the identity of the substance in the cigarettes. Subsequent analysis conducted by Tonya Blackwell, a forensic scientist at the Louisiana State Police Crime Laboratory, who qualified and was accepted by the trial court as an expert witness in the analysis and identification of controlled dangerous substances, determined that the five whole cigarettes and the two pieces of cigarette each contained marijuana.
Ernest Mart, another inmate at the Terrebonne Parish Prison, testified that he was present inside the prison on February 19, 1989, between approximately 2:00-4:00 p.m. when a conversation occurred between defendant and Williams. According to Mart, the conversation pertained to marijuana. During the conversation, Williams asked defendant if he had his "issue," i.e., marijuana. Defendant told Williams he was going to "get with him" later.
At trial, defendant presented the testimony of Gerald Jerome Williams.[2] His account of the instant incident from the time he left Lirette's office until his surrender of the match box to Lirette essentially coincided with Lirette's testimony. Williams stated that defendant "slipped" the match box inside his pocket; but Williams claimed to have been surprised by that act. Additionally, Williams denied having had any agreement with defendant to meet defendant and obtain marijuana from him.
ASSIGNMENT OF ERROR NO. TWO:
By means of this assignment, defendant contends that the trial court erred by enhancing his sentence as a second offender pursuant to LSA-R.S. 40:982 because the bill of information charging the instant offense of distribution of marijuana failed to charge the offense as a second violation of the Louisiana Controlled Dangerous Substance Law, LSA-R.S. 40:961, et seq. Consequently, defendant concludes that his prior conviction for possession of cocaine should not have been used to enhance his sentence under the enhancement provisions in LSA-R.S. 40:982. We agree.
LSA-R.S. 40:982 A provides, in pertinent part, as follows:
Any person convicted of any offense under this part [the Uniform Controlled Dangerous Substances Law] if the offense is a second or subsequent offense, *360 shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both.
Unlike the enhancement of sentencing authorized under the Habitual Offender Law (LSA-R.S. 15:529.1) which may be invoked by a formal charge by the district attorney after conviction or after sentence (for an underlying felony offense) within a reasonable time after the prior felony (felonies) becomes (become) known, to obtain a multiple-offender conviction under LSA-R.S. 40:982 for a violation of the Uniform Controlled Dangerous Substances Law, the allegation that the underlying offense is a second or subsequent offense must be contained in the formal charge instituting criminal prosecution of the underlying offense. See State v. Bouzigard, 286 So.2d 633, 635-636 (La.1973). See also State v. Murray, 357 So.2d 1121, 1124 (La.1978); State v. Keys, 328 So.2d 154, 158 (La.1976). Herein, because the bill of information charged defendant only with distribution of marijuana and contained no allegation that the charged offense was a second offense under the provisions of LSA-R.S. 40:982, defendant's sentence as a second offender under LSA-R.S. 40:982 is illegal and must be vacated; and this case must be remanded to the trial court for resentencing in accordance with law and the views expressed herein. Cf. State v. Keys, 328 So.2d at 158; State v. Bouzigard, 286 So.2d at 636. Consequently, we need not and do not address assignments of error number one (alleging excessiveness of defendant's sentence) and number three (asserting the unconstitutionality of LSA-R.S. 40:982).
ASSIGNMENTS OF ERROR NOS. FOUR, FIVE AND SIX:
In these assignments, defendant asserts that the trial court erred by denying his motions for new trial and/or for post verdict judgment of acquittal on the basis of the insufficiency of the evidence.
The standard of review for sufficiency of evidence to support a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found that the state proved the essential elements of the crime and defendant's identity as perpetrator of that crime beyond a reasonable doubt. State v. Christy, 509 So.2d 829, 831 (La.App. 1st Cir.), writ denied, 513 So.2d 296 (La.1987).
In this case, the evidence of defendant's guilt was overwhelming. When the evidence is viewed in the light most favorable to the state, any rational trier-of-fact could have found beyond a reasonable doubt that defendant committed the offense of distribution of marijuana.
These assignments are meritless.
CONVICTION AFFIRMED, SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] In its motion requesting sentencing under LSA-R.S. 40:982, the state relied on a prior possession of cocaine conviction.
[2] Williams' testimony revealed that he was also charged with distribution of marijuana as a result of his involvement in the instant incident and that he was awaiting trial on that charge.