693 So.2d 870 (1997)
STATE of Louisiana, Plaintiff-Appellee,
v.
Sammy Lee WILLIAMS, Jr., Defendant-Appellant.
No. CR96-476.
Court of Appeal of Louisiana, Third Circuit.
April 30, 1997.
*871 Michael Harson, Lafayette, for State.
Robert J. Hildum, Baton Rouge, for Sammy Lee Williams, Jr.
Before THIBODEAUX, COOKS and GREMILLION, JJ.
THIBODEAUX, Judge.
The defendant, Sammy Lee Williams, Jr., appeals his convictions for possession of cocaine in excess of 400 grams, second offense, and conspiracy to possess cocaine with intent to distribute, second offense, in violation of La.R.S. 40:967, 40:979, and 40:982, respectively. He absconded on the third day of his trial, but was later apprehended and brought before the trial court for sentencing.
He was sentenced to forty-five (45) years at hard labor on the possession charge and to ten (10) years, concurrent, on the conspiracy charge.
For the reasons which follow, we reluctantly affirm.

ASSIGNMENTS OF ERROR
We shall consider the following assignments of error:
(1) whether prejudice resulted from the state's failure to inform defendant of a pretrial photographic line-up procedure;
(2) whether La.R.S. 40:982 is an enhancement statute and not a substantive crime to be determined by a jury;
(3) whether prejudice resulted from the trial court's denial of the defendant's request for the initial offense report; and,
(4) whether the trial court committed error when it denied the defendant's motion for a mistrial based on his absence from court.

FACTS
On June 30, 1994, Officer Roger Egdorff, a narcotics agent for the Houston, Texas Police Department, was working as a canine officer. Egdorff and the dog were working in Houston's Greyhound Bus Station when the officer noticed a car with Louisiana license plates drive into the parking lot. An African-American male emerged, appearing nervous. After conversations with other black males in the car, the nervous man entered the station through a back door, carrying a tote bag and a bus ticket. Egdorff noted the subject boarded a bus bound for Lafayette, Louisiana. The other males drove the car away after the bus left.
Egdorff ascertained that the subject's bus ticket was a one-way fare to Lafayette; he then reported the subject's description, including the type of tote bag, the subject's clothing, and a description of the vehicle that dropped him off, to Lafayette authorities. Egdorff saw no other vehicles with Louisiana plates, and nobody who looked similar to, or was dressed like, the subject.
Officer Brian Butler of the Lafayette Metro Narcotics Unit received the information just summarized. Butler learned the *872 subject's bus was due to arrive in Lafayette at approximately 9:00 p.m. on June 30, 1994. He went to the local bus station to wait, accompanied by another officer. The bus arrived on time; Butler recognized the subject from the description relayed by Houston police. The subject was observed crossing the parking lot, heading toward a car matching the description given by Houston police. Three (3) black males were in the car.
Butler approached, identified himself, and asked the subjects in the car to stop. The defendant, Sammy Lee Williams, Jr., drove away; the subject from the bus threw the tote bag at Butler and fled on foot; he was apprehended and arrested. The tote bag contained large chunks of cocaine, chemically identified and determined to weigh more than nine-hundred (900) grams.
Officers had noted the license number of the car driven by the defendant. It was then determined to be a rental car. Butler obtained the assistance of Terrebonne Parish detectives, as the car was registered to a rental agency in Houma, Louisiana. The defendant and his accomplices were then located through subsequent investigation, aided by the cooperation of the apprehended subject, Gregory Stewart.

ASSIGNMENT OF ERROR NO. 1
The defendant complains his case was prejudiced by the state's failure to inform him of the existence of a pretrial photographic "line-up." The defendant argues that Detective Brian Butler picked the defendant and his accomplices out of a photographic line-up in the course of the current investigation.
The state counters that the defendant's argument is factually incorrect. At trial, Butler testified the photographs were gathered to compose a "photo line-up" for viewing by a store clerk who had seen the defendant and his accomplices in the rented car. Detective Butler did not use the pictures to identify the subjects, as he had previously identified them by face and by name. He testified his in-court identification of the defendant and the co-conspirators was based upon his personal observations on June 30, 1994, and not upon any intervening identification procedure.
The following dialogue took place during defense counsel's cross-examination of Butler:
Q. Tell me about this photo line-up. You were seated in a room and Detective Ezell handed you a stack of photos or he lined them up in front of you?
A. What took place was, like I said, we had come up with nine to eleven suspects that we felt could have been involved in this. Through further investigation, we narrowed that down somewhat. I asked for pictures of several of them. I think I had a total of nine, and I may be off by one or two, which I went down and picked up, intending to do a photo line-up for a clerk at a store thatI believe that they had stopped at. In those pictures were the four suspects that were involved.
Q. Did you ever complete the photographic line-up with the store clerk?
A. No.
Q. Never even tried?
A. I spoke to him about it. He felt that he couldn't identify them, so I didn't use them.
Q. Did Officer Lavergne pick them out of a photographic lineup?
A. No.
As previously mentioned, the officer later testified his in-court identification of Williams and his co-defendant was based directly upon seeing the conspirators at the Lafayette bus station on June 30, 1994. The factual core of the defendant's assignment of error is the allegation Butler admitted on the stand that he had identified the conspirators from a photo line-up. However, this allegation is simply incorrect. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
The defendant argues that La.R.S. 40:982 sets forth a sentencing mechanism and not a substantive crime to be determined by a jury. Prior to trial, the defense filed a motion in limine to prevent the state from discussing before the jury the defendant's prior conviction for possession of cocaine. *873 Defense counsel then filed a motion to quash the bill of information, based on the prosecution under La.R.S. 40:982.
La.R.S. 40:982 provides:
Any person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both. If the conviction is for an offense punishable under R.S. 40:966(B), R.S. 40:967(B), R.S. 40:968(B) or R.S. 40:969(B), and if it is the offender's second or subsequent offense, the court may impose in addition to any term of imprisonment and fine, twice the special parole term otherwise authorized.
For purposes of this section, an offense shall be considered a second or subsequent offense, if, prior to the commission of such offense, the offender had at any time been convicted of any violation of this state, the United States, any other state of or any foreign country, relating to the unlawful use, possession, production, manufacturing, distribution, or dispensation of any narcotic drug, marijuana, depressant, stimulant, or hallucinogenic drugs.
Williams argues this provision is an enhancement to be imposed by the sentencing court after conviction, and not an element of the offense to be considered by the jury. He also contends that a charge under 40:982 provides notice to a defendant, but should not be read to the jury.
In response, the state argues this court has recently decided a case "identical in procedure" to this case. In State v. Livings, 95-251 (La.App. 3 Cir. 11/1595); 664 So.2d 729, writ denied, 95-2906 (La.2/28/96); 668 So.2d 367, the defendant was tried for possession of cocaine, second offense, under La.R.S. 40:982. The prior conviction was listed in the bill of information, which the clerk read to the jury at the trial's inception. This court held the defendant was not deprived of his right to due process by the inclusion in the bill of the facts concerning prior convictions. Additionally, the reading of the bill to the jury, the introduction into evidence of records of the prior convictions, and the stipulation to the jury that prior crimes had occurred did not deprive Livings of his constitutional rights. As in Livings, the trial court gave the following limiting instructions regarding the "prior convictions" evidence, as required by State v. Green, 493 So.2d 588 (La.1986):
If you find that the defendants were previously convicted, as alleged, then they are subject to an enhancement penalty, if you find them guilty of the conduct charged in this bill of information.
The prior convictions alleged in the bill of information are alleged solely to enhance the penalty should you find that the defendants possessed cocaine on the occasion charged in this bill of information. You are not to consider the prior conviction or in any way take it into account in assessing the defendant's guilt or innocence of the conduct charged in this bill of information.
In our view, a prior conviction that is not an element of the substantive offense should not be alleged in a bill of information. It offends the notion of a fair trial. It is naive to think that its prejudicial impact is somehow vitiated by a limiting jury instruction. The Louisiana Supreme Court recognized the danger of introduction of other convictions or acts of misconduct in State v. Prieur, 277 So.2d 126, 128 (La.1973):
"* * * the natural and inevitable tendency of the tribunalwhether judge or juryis to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge. * * *" 1 Wigmore, Evidence § 194 (3rd Edition).
This statute, La.R.S. 40:982, is independent of the crimes of possession of cocaine and conspiracy to possess cocaine with intent to distribute. It is a sentencing mechanism. Sentencing is not a jury function; it is a judge function. The jury has no business hearing evidence of the conviction of another crime for the purpose of enhancing a defendant's sentence because it has nothing to do with what sentence will be imposed.
*874 The risk that the defendant is being convicted for the possession of cocaine and conspiracy to possess cocaine with intent to distribute because he has previously been convicted of these crimes is too great for the jury to become of aware of these latter convictions in a bill of information when that bill of information refers to a statute other than those which refer to the substantive offenses. As Justice Barham articulated in State v. Bouzigard, 286 So.2d 633, 637 (La.1973):
Our law condemns the use of other offenses during the trial of the defendant for a particular offense because of the overriding prejudicial effect it may have in the jurors' minds of the guilt or innocence for the particular offense charged. Particularly in crimes involving narcotics, prior offenses are highly prejudicial in determining whether or not a defendant is guilty of the particular offense of which he is presently accused. (emphasis supplied). This patently unfair procedure
"... is inconsistent with our general scheme of criminal justice and that there is opportunity and ... need for change in the statutory law so that a more equitable, just and consistent result may be obtained."
Id. at 636.
It has been correctly suggested that this error of which the defendant complains violates La. Const. art. 1, § 2's exhortation that "[n]o person shall be deprived of life, liberty, or property, except by due process of law" and La. Const. art. 1 § 16's provision that "[e]very person charged with a crime is presumed innocent until proven guilty...." See Miguel Schor, State v. GreenRecidivist Statutes: The Procedure for the Introduction of Prior Crime Evidence, 61 Tul. L.Rev. 960 (1987). We agree.
Thus, this panel has serious reservations about the use of La.R.S. 40:982 as a substantive offense, its use in a bill of information, and its communication to the jury. These reservations are, however and unfortunately, unavailing to the defendant in this case. The Louisiana Supreme Court has apparently approved of such a recidivist procedure in State v. Green, 493 So.2d 588 (La.1986). Our circuit gave approval to this procedure and this very statute in State v. Livings, 95-251 (La. App. 3 Cir. 11/15/95); 664 So.2d 729, writ denied, 95-2906 (La.2/28/96); 668 So.2d 367. More recently, in State v. Franklin, 96-1346 (La.App. 3 Cir. 4/16/97); 693 So.2d 219, our circuit cited State v. Green and State v. Livings with approval. The defendant in State v. Franklin is a co-defendant of the defendant, Williams, in this case. Thus, we feel we are intellectually constrained to follow these cases, although we think they are wrong in their analysis and result. This is a subject to which the legislature should address its attention or which the Louisiana Supreme Court should revisit.

ASSIGNMENT OF ERROR NO. 3
The defendant argues he was not provided with a proper initial offense report. He acknowledges a report was provided to him, but complains it was not sufficient, as it consists of only one (1) paragraph, and discusses only the arrest of co-conspirator Gregory Stewart.
The state's brief appears to acknowledge arguendo that the report was deficient; however, it argues the defense must show it was prejudiced for the deficiency to result in reversible error. While the state's brief cites a plethora of relevant caselaw, this court's language in State v. Sonnier, 558 So.2d 749, 755 (La.App. 3 Cir.1990) is instructive:
Nevertheless, even when error is committed, if an appellate court finds beyond a reasonable doubt that the error was harmless in light of the total circumstances, defendant's conviction will not be overturned. State v. Rios, 528 So.2d 163, 166 (La.App. 3 Cir.1988), writ den., 530 So.2d 83 (La.1988), citing State v. Humphrey, 412 So.2d 507 (La.1982). La.C.Cr.P. Art. 921 states:
"A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."
Consequently, we must make an inquiry in this case to determine whether the defendant suffered prejudice to any substantial right by the failure of the investigating *875 officer to prepare a complete initial police report and by the State's failure to furnish it to the defendant. State v. Gray, 436 So.2d 639 (La.App. 3 Cir.1983), writ den., 440 So.2d 150 (La.1983). An examination of the record does not show that defendant suffered such prejudice. Defendant does not specify how the denial of his request prejudiced his ability to properly present a defense. A review of the trial transcript shows that the defense was fully aware of the details of the offense with which defendant was charged. Moreover, where there is overwhelming evidence of the defendant's guilt, as in this case where there was testimony by three eyewitnesses to the shooting, the error is harmless. State v. Mills, 505 So.2d 933 (La.App. 2 Cir. 1987), writ den., 508 So.2d 65 (La.1987). For these reasons we find this assignment of error to be without merit.
Williams argues his case was prejudiced, but he fails to state how the prejudice was manifested. He makes the general allegation that he could not adequately prepare a defense, but names no specific instance in which his preparations were stymied.
The state provided Williams and his co-defendant with a bill of particulars and detailed discovery. It appears from the record that counsel for both Williams and his co-defendant were aware of the nature of the testimony that would be given by state witnesses/co-conspirators Gregory Stewart and Alton James.
For the reasons discussed, the assignment lacks merit.

ASSIGNMENT OF ERROR NO. 4
The defendant contends the trial court erred in denying his motion for a mistrial, when the defendant was absent from court on the last day of trial. He acknowledges that La.Code Crim.P. art. 832 allows defendants to be tried in absentia when they have voluntarily absconded, but argues the record does not reflect that he was voluntarily absent.
The record for August 4, 1995, shows that Williams was absent. At the opening of that day's proceedings, the final day of trial, the following colloquy took place:
THE COURT: All right. Let the minutes reflect that the bailiffs have announced his name in open court, as well as in the hallways of this courthouse, and Mr. Williams does not answer to his name.
The Court was supposed to open at 9:00 o'clock and the accused was ordered to be here at 9:00 o'clock this morning. He hasn't been here since 9:00 o'clock. At this time it's 10 minutes of 10:00 in the morning.
What's the pleasure of the State at this time?
MR. STUTES: Your Honor, I also will ask the record to reflect the defendant was present yesterday, he was present on Monday, Tuesday, Wednesday and, of course, yesterday, Thursday of this week. At the end of each day Your Honor did instruct the defendant to return the next day at the appropriate time.
For the record, Your Honor did, in fact, do that yesterday, instructed all parties, including the defendant, Williams, to return this morning at 9:00 o'clock. He is not present.
We would move for the Court to issue a bench warrant for the defendant and also a bond forfeiture.
THE COURT: So ordered.
* * * * * *
MR. HILDUM: Your Honor, if I may for purposes of the record. First, Your Honor, I object and ask for a mistrial because of the absence of my client.
THE COURT: And, of course, the Court will deny that
MR. HILDUM: Yes, Sir.
THE COURT:and will quote from Article 832 of the Code of Criminal Procedure: "A defendant charged with a felony not punishable by death cannot object to his temporary voluntary absence at the proceedings listed in Article 831 if his counsel was present."
MR. HILDUM: Your Honor
THE COURT: The Court will deny that.

*876 MR. HILDUM: Yes, sir, Your Honor. Thank you, Sir. Please note an objection.
At sentencing, with defendant present in open court, the following colloquy took place.
MR. STUTES:
* * * * * *
A Bench Warrant was issued by the Court on August 4, 1995, and a search was launched for Mr. Williams, and he was located in Ontario, California and arrested there by the Ontario Police Department on the Bench Warrant, and he was extradited back here to Louisiana to face sentence.
I want that to be of record in the event of an appeal.
Is that an accurate statement of the record, Mr. Williams?
MR. HILDUM: I'll answer for Mr. Williams at this point. I at this point knew nothing about extradition. My understanding was that he was brought back by the bondsman, a search was launched by the bondsman.
Other than that, I don't think it's appropriate for us to comment on his reasons for leaving. I mean, it's obvious he was not here his last day of the trial.
MR. STUTES: Is that an accurate statement of facts, that he was not present for the end of the trial, a Bench Warrant was issued, and he was arrested in Ontario, California and here he is today?
MR. HILDUM: Absolutely. Yes, Your Honor. And the record reflects that.
Q. Is that correct, sir?
A. Yes, sir.
This record is sufficient to show that Williams voluntarily absented himself from the trial. Therefore, this assignment lacks a factual basis and is without merit.

ERROR PATENT
Louisiana Code of Criminal Procedure Article 880 provides that when imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. The defendant's sentence is amended to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La. Code Crim.P. art. 882(A). Resentencing is not required; however, this case is remanded and the district court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Moore, 640 So.2d 561, 564 (La.App. 3 Cir.1994), writ denied, 651 So.2d 858 (La.1995).

CONCLUSION
The defendant's convictions and sentences are affirmed. This case is remanded with instructions to amend the commitment and minute entry to reflect the defendant receive credit for time served.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.