815 So.2d 1063 (2002)
STATE of Louisiana
v.
Tirrell WELLS.
No. 01-KA-1276.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 2002.
*1064 Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Appellant Tirrell Wells.
Paul D. Connick, Jr., District Attorney, 24th Judicial District Parish of Jefferson, State of Louisiana, Churita H. Hansell Counsel of Record on Appeal, Terry M. BoudreauxAppellate Counsel, Frank BrindisiTrial Counsel Assistant, District Attorneys, Gretna, LA, for Appellee State of Louisiana.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CANENLLA, Judge.
Defendant, Tirrell Wells, appeals from his conviction of possession of cocaine with intent to distribute and his sentence, as a second offender, to 60 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. For the reasons which follow, we affirm the conviction, set aside the sentence and remand for resentencing.
On February 28, 1996, the Defendant was charged by Bill of Information with possession with intent to distribute cocaine, in violation of La. R.S. 40:967(A). The Defendant was arraigned on April 30, 1996 and he entered a plea of not guilty. On September 30, 1997, the State amended the Bill of Information to include the allegation that the Defendant had previously been convicted on October 8, 1993 of violating La. R.S. 40:967(A), possession with intent to distribute cocaine in case No. 364 245, Division "G," Orleans Criminal District Court. The Defendant was re-arraigned on the amended Bill of Information and again entered a plea of not guilty.
The Defendant went to trial on October 2, 1997. The facts surrounding the Defendant's arrest, as testified to at trial, are as follows. Narcotics Agent Todd Vignes of the Jefferson Parish Sheriff's Office (JPSO), testified that, on February 16, 1996, at approximately 9:15 p.m., he and Deputy David Greenwood also of the JPSO were preparing to go on patrol. They passed 11632 Creston Road in River Ridge and observed the Defendant and two other people washing a car. Agent Vignes testified that they recognized the Defendant and knew that there was an outstanding attachment on him.
Agent Vignes and Deputy Greenwood stopped to talk with the Defendant. According to Agent Vignes, the Defendant claimed not to be Tirrell Wells, and stated that he was only washing his car, and that Tirrell Wells was on the other side of the railroad tracks. The Defendant was then handcuffed and patted down for weapons. Agent Vignes testified that, while they were talking with the other two people who were washing the car, the Defendant began reaching into the back part of his pants. Agent Vignes went over to the Defendant to conduct a search incident his arrest. According to Agent Vignes, the Defendant claimed that he did not have anything on him, and the Defendant pulled down his pants and underwear. Agent Vignes testified that he did not find any weapons and told the Defendant to pull up his clothes.
*1065 While Agent Vignes continued the investigation of the other two people, he noticed the Defendant again was reaching into the back part of his pants. Agent Vignes testified that "he thought something was up" and went back over to the Defendant. As the Defendant pulled down his pants, Agent Vignes reached underneath his pants, under his buttocks, and felt a package containing small rocks. Agent Vignes testified that he retrieved a clear plastic bag containing 50 small rocks. He conducted a field test on one of the rocks and found that it tested positive for cocaine.
On cross-examination, Agent Vignes stated that he had information from an informant that the Defendant was selling crack cocaine at that specific residence. Agent Vignes explained that on a previous occasion, an informant was with officers and pointed out the Defendant. The officers dropped off the informant to protect his identity and went back to get the Defendant. According to Agent Vignes, when they went back, the Defendant was no longer there. Agent Vignes testified that his partner had learned of the attachment at that time.
Deputy Greenwood testified that he was working with Agent Vignes on February 16, 1996, around 9:15 p.m. He and Agent Vignes were en route to the 4th District to pick up a patrol car in order to go on duty. He and Agent Vignes were in separate cars at that time and they did not stop immediately at Creston Street, where the Defendant was washing the car. Deputy Greenwood stated that when they arrived at the 4th District, he advised Agent Vignes that they had just passed Tirrell Wells. Officers Vignes and Deputy Greenwood picked up the patrol car and together they went back to Creston Street to where the Defendant was washing the car.
Deputy Greenwood testified that upon approaching the Defendant, he denied that he was Tirrell Wells. He knew the individual was Tirrell Wells and that he was not telling the truth. Deputy Greenwood arrested the Defendant and advised him of the attachment and his constitutional rights. After handcuffing the Defendant, Deputy Greenwood began questioning the other two individuals, a male and a female, who were also present. Deputy Greenwood observed the Defendant moving around and putting his hands in his pants. He also stated that the Defendant pulled down his pants.
Officer Daniel Waguespack of the JPSO Crime Lab testified as an expert in scientific analysis. He testified that he took a small portion of the evidence seized from the Defendant, performed various tests, and found it to be cocaine.
Sergeant Emile Larson of the JPSO Narcotics Enforcement Group testified as an expert in the field of narcotics investigation and interdiction. He testified that the 50 rocks of crack cocaine found on the Defendant were packaged individually, and in his opinion, to be sold wholesale and was not for personal use. After a jury trial on October 2, 1997, the Defendant was found "Guilty of possession with intent to distribute a controlled dangerous substance, to-wit: cocaine." On October 16, 1997, the Defendant appeared for sentencing. The State reminded the trial court that the Defendant had been charged under La. R.S. 40:982, the multiple offender provision for drug offenses, and requested that he be sentenced as a second offender. The trial court sentenced the Defendant, as a second drug offender, to 60 years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. The Defendant objected to the sentence in its non-conformity with the law and its severity. The Defendant made an oral motion for appeal.
*1066 On November 29, 1999, the Defendant filed an application for post-conviction relief, which was denied by the trial court. On May 31, 2000, the Defendant filed a motion to reconsider the ruling of the denial of the post-conviction relief which was denied by the trial court. The Defendant then filed a motion for an out-of-time appeal on September 27, 2000. The Defendant filed a second motion to reconsider the denial of the application for post-conviction relief on October 30, 2000, which the trial court again denied. On November 27, 2000, the Defendant filed another application for post-conviction relief, which the trial court denied as untimely, because the three-year prescriptive period set out in La.C.Cr.P. art. 930.8 had run. The Defendant filed a writ to the Louisiana Fifth Circuit Court of Appeal claiming that the application for post-conviction relief was timely.[1] This court granted the writ, ruling that the application for post-conviction relief was timely. On remand, the trial court granted the Defendant's motion for an out-of-time appeal. This appeal follows.
On appeal the Defendant assigns two errors. First, he argues that the trial court erred in sentencing him to 60 years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence, under La. R.S. 40:982, as a second drug offender, because there is no evidence in the record of a prior offense committed by this Defendant. We agree.
The State amended the bill of information to allege that the Defendant had previously been convicted of violating La. R.S. 40:967(A), possession with intent distribute cocaine, in case No. 364-245, Division "G," Orleans Criminal District Court on October 8, 1993. The amended bill of information, referencing the other crime, was read to the jury making it an element of the offense. However, no evidence was admitted at trial to prove the allegation that the Defendant had previously been convicted of a drug offense. Moreover, the jury did not find the Defendant guilty of a second offense, but only of the instant offense.
Further, no evidence was presented at the sentencing hearing to prove that the Defendant was a second offender. With no evidence to support the allegation that the Defendant was a second offender, the trial court clearly erred in sentencing the Defendant as a second offender under La. R.S. 40:982. The sentence must be vacated.
Next, the Defendant argues that, because the State presented no evidence of a prior conviction of the Defendant, it was prejudicial error for the allegation of another crime to be in the bill of information and for this allegation to be presented to the jury. The Defendant argues that the reference in the bill of information was so prejudicial that it was impossible for him to get a fair trial, requiring reversal of the conviction.
The State argues that where it intended to have the Defendant's sentence enhanced under La. R.S. 40:982, it was proper to amend the bill of information to include allegations of a previous drug conviction by the Defendant and to read that charge to the jury. In support of this argument, the State relies on La.C.Cr. P. art. 483 and State v. Livings, 95-251 (La.App. 3rd Cir. 11/15/95), 664 So.2d 729, writ denied, 95-2906 (La.2/28/96), 668 So.2d 367.
La. R.S. 40:982 provides:

*1067 A. Any person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both. If the conviction is for an offense punishable under R.S. 40:966(B), R.S. 40:967(B), R.S. 40:968(B) or R.S. 40:969(B), and if it is the offender's second or subsequent offense, the court may impose in addition to any term of imprisonment and fine, twice the special parole term otherwise authorized.
B. For purposes of this section, an offense shall be considered a second or subsequent offense, if, prior to the commission of such offense, the offender had at any time been convicted of any violation of this state, the United States, any other state of or any foreign country, relating to the unlawful use, possession, production, manufacturing, distribution, or dispensation of any narcotic drug, marijuana, depressant, stimulant, or hallucinogenic drugs.
The Defendant argues that La. R.S. 40:982 sets forth a sentencing enhancing mechanism only and not a substantive criminal element of the offense to be determined by the jury. Procedurally, it should be implemented in a manner similar to La. R.S. 15:529.1, the habitual offender statute. The Defendant relies on the case of State v. Williams, 96-476 (La. App. 3rd Cir.4/30/97), 693 So.2d 870, in support of his position.
La. R.S. 40:982 grants the State the right to seek an enhanced sentence for a person convicted of a drug related offense if, prior to the commission of the offense, the offender had been convicted of a drug related offense. However, it is silent as to the procedural mechanism for implementing the provision. Thus, the issue presented in this case is whether La. R.S. 40:982 creates an additional substantive element to the charged offense, which must be in the bill of information, read to the jury, proven at trial, and found by the jury or whether it is more appropriately considered a sentencing enhancement provision, which is not presented to the jury before a determination of guilt is made as to the instant offense. In the context of the facts presented here, we must decide whether the State, seeking to enhance the Defendant's sentence under La. R.S. 40:982, where he is charged with possession of cocaine with intent to distribute, a felony, erred in amending the bill of information to allege a previous drug conviction and having those allegations read to the jury before guilt for the instant offense is determined.
First, we find that the issue has not been squarely presented in this circuit, although it has been considered in various procedural contexts by other appellate circuits, the Louisiana Supreme Court and even the United State Supreme Court. A historical review of these cases helps to clarify the issue before us. Since both parties herein rely on cases from the Third Circuit Court of Appeal, we will start there.
A panel of the Third Circuit Court of Appeal first spoke on this issue in State v. Livings, 95-251 (La.App. 3rd Cir.11/15/95), 664 So.2d 729. In Livings, the defendant was charged by bill of information with one count of possession of cocaine, in violation of La. R.S. 40:967(C), and one count of possession of drug paraphernalia with intent to use, a violation of La. R.S. 40:1033. The state also listed the defendant's prior convictions for drug offenses in the bill of information and the deputy clerk read the bill to the jury, including the allegations of the prior convictions. The state introduced into evidence defendant's records of conviction *1068 for the prior offenses. The defendant argued on appeal that it was error for the allegations and evidence of other crimes to be presented to the jury, citing La.C.Cr. P. art. 483 and State v. Prieur, 277 So.2d 126 (La.1973). The court, in ruling against the defendant's arguments noted that La.C.Cr.P. art. 483 allows the inclusion in the indictment of allegations of a prior conviction when "such allegation is necessary to fully charge the offense."[2] The court relied on the cases, State v. Pounds, 359 So.2d 150 (La.1978), State v. Bouzigard, 286 So.2d 633 (La.1973) and State v. Rodriguez, 572 So.2d 358 (La.App. 1st Cir.1990), writs denied, 576 So.2d 46 (La.1991) in finding that the allegations of prior convictions presented in the bill of information and read to the jury were necessary to fully charge the defendant. The court also noted that the procedure here passed constitutional muster since, in accord with State v. Green, 493 So.2d 588 (La.1986), a limiting jury instruction that the defendant's past convictions are not to be taken into account in assessing his guilt or innocence of the primary offense charged, was given, so that the one-stage recidivist trial procedure did not "fall below the minimum level the fourteenth amendment will tolerate."
In a subsequent case, State v. Franklin, 96-1346 (La.App. 3rd Cir.4/16/97), 693 So.2d 219, writs denied, 97-2129 (La.3/13/98), 712 So.2d 867, where the defendant was charged with possession of cocaine with intent to distribute, in violation of La. 40:967, and the bill of information alleged a prior drug conviction which was read to the jury, the court followed its circuit's previous decision in Livings, again citing Bouzigard, supra, and Green, supra, and found no error in the procedure.
The Third Circuit was again presented with the same issue in State v. Williams, 96-476 (La.App. 3rd Cir.4/30/97), 693 So.2d 870, writs denied, 97-1365 (La.10/31/97), 703 So.2d 20, upon which the defense relies. In Williams, the defendant, was charged with possession of cocaine, in violation of La. R.S. 40:967, and conspiracy to possess cocaine with intent to distribute, in violation of La. R.S. 40:979, and with being a second offender because of a previous cocaine possession conviction. The defendant argued that the trial court erred in allowing evidence of his prior conviction before the jury. In discussing the issue, the court made the following observations:
In our view, a prior conviction that is not an element of the substantive offense should not be alleged in a bill of information. It offends the notion of a fair trial. It is naive to think that its prejudicial impact is somehow vitiated by a limiting jury instruction. The Louisiana Supreme Court recognized the danger of introduction of other convictions or acts of misconduct in State v. Prieur, 277 So.2d 126, 128 (La.1973): "* * * the natural and inevitable tendency of the tribunalwhether judge or juryis to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge. * * *" 1 Wigmore, Evidence § 194 (3rd Edition).
This statute, La. R.S. 40:982, is independent of the crimes of possession of *1069 cocaine and conspiracy to possess cocaine with intent to distribute. It is a sentencing mechanism. Sentencing is not a jury function; it is a judge function. The jury has no business hearing evidence of the conviction of another crime for the purpose of enhancing a defendant's sentence because it has nothing to do with what sentence will be imposed.
The risk that the defendant is being convicted for the possession of cocaine and conspiracy to possess cocaine with intent to distribute because he has previously been convicted of these crimes is too great for the jury to become of aware of these latter convictions in a bill of information when that bill of information refers to a statute other than those which refer to the substantive offenses.
Nevertheless, while expressing serious reservations about the use of La. R.S. 40:982 as an element of the substantive offense, its use in a bill of information by alleging prior drug convictions in the bill of information and communicating that to the jury, the court went on to affirm the conviction because of prior decisions to the contrary in that circuit, one of which involved Williams co-defendant, Franklin.
The First Circuit has similarly held that allegations of multiple offenses under La. R.S. 40:982 must be in the bill of information instituting prosecution of the offense. State v. Rodriguez, 572 So.2d 358 (La.App. 1st Cir.1990), writs denied, 576 So.2d 46 (La.1991). In Rodriguez, the defendant was charged with distribution of marijuana, in violation of La. R.S. 40:966(A)(1). Allegations of his prior drug conviction were not in the bill of information. Following conviction, the state sought to have the defendant sentenced as a second offender and the court so sentenced him. The court of appeal reversed, holding that allegations under La. R.S. 40:982 that the defendant is a multiple offender must be contained in the bill of information as a substantive element of the crime. In so holding, like their Third Circuit brethren, the court relied on the supreme court cases, State v. Bouzigard, 286 So.2d 633 (La.1973); State v. Murray, 357 So.2d 1121 (La.1978); and State v. Keys, 328 So.2d 154, 158 (La.1976).
In reviewing the Supreme Court cases which were relied on by the First and Third Circuits in support of their decisions, we find that the cases are distinguishable and do not mandate the result reached.
The first case considering the concept of placing allegations of prior offenses in the bill of information as a substantive part of the offense was State v. Bouzigard, 286 So.2d 633 (La.1973). In Bouzigard, the defendant was charged with possession of marijuana in violation of La. R.S. 40:966, which was a misdemeanor. He was tried before a five person jury and found guilty as charged. Following conviction, the state sought to amend the bill of information and have the defendant sentenced as a second offender under subsection (D)(2) of La. R.S. 40:966, which upgraded the offense to a felony, punishable by fine and/or imprisonment with or without hard labor for not more than five years. On the basis of the amended bill of information, the court imposed the felony sentence of three years at hard labor. On appeal, the Supreme Court reversed the felony sentence. Relying on La.C.Cr.P. art. 483, that "the indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense," the Supreme Court found that it was necessary to fully charge the offense in that case. Where the defendant was initially charged with a misdemeanor, and tried according to the procedures for a misdemeanor, he could *1070 not thereafter be sentenced as a felon. Rather, the Supreme Court held that if the state wanted to raise the grade of the offense from a misdemeanor to a felony, it must do so at the outset in the charging document or bill of information. In so holding, the Supreme Court noted that other cases with the same procedural posture were similarly handled, like Theft La. R.S. 14:67, Operating a Vehicle While IntoxicatedLa. R.S. 14:98 and Reckless Operation of a VehicleLa. R.S. 14:99. The Supreme Court expressly distinguished the procedure utilized under the multiple offender statute, La. R.S. 15:529.1.
Next, the Supreme Court addressed the issue in State v. Keys, 328 So.2d 154 (La. 1976). The defendant was charged in the bill of information with possession of marijuana, second offense, was found guilty of attempt possession of marijuana, second offense and was sentenced as a second offender. On appeal, the Supreme Court reversed the sentence because the statute did not provide for a second offense for attempt to commit the crime. In so holding, the Supreme Court cited Bouzigard, reiterating their position that in multiple offender possession of marijuana prosecutions the allegation that the crime is a multiple offense must be in the bill of information.
The Supreme Court thereafter touched on the issue in State v. Murray, 357 So.2d 1121 (La.1978). The defendant was charged with distribution of a controlled dangerous substance, a violation of La. R.S. 40:969. There were no allegations in the bill of information regarding prior convictions by him. Following conviction, the state sought to enhance the defendant's sentence by charging him as a multiple offender under La. R.S. 15:529.1. The trial court found the defendant to be a multiple offender and so sentenced him. On appeal, the defendant argued that the trial court erred in sentencing him under La. R.S. 15:529.1 because one of his prior convictions was for a drug offense. As such, he argued that the state had to include in the charging document his second offender status under La. R.S. 40:982 or be precluded from using the offense to enhance his sentence. The Supreme Court disagreed with the defendant's argument, finding that it was within the district attorney's discretion to decide whether to seek enhancement of the defendant's sentence under La. R.S. 15:529.1 or La. R.S. 40:982. The Supreme Court then noted that, since the allegation of the prior offense was not in the bill of information for the instant offense, it could be utilized under La. R.S. 15:529.1.
Similarly, in State v. Pounds, 359 So.2d 150 (La.1978), consistent with the reasoning in Bouzigard and Keys, the Supreme Court held that there was no error in including in the bill of information charging the defendant with carrying a concealed weapon (a misdemeanor) allegations of prior convictions, where his multiple offender status would raise the grade of the offense to a felony.
Next, the Supreme Court spoke on the issue in State v. Green, 493 So.2d 588 (La.1986). The defendant was charged with and convicted of third offense theft, in violation of La. R.S. 14:67, and was sentenced as a third offender. First offense theft is a misdemeanor and third offense theft is a felony. His conviction and sentence were affirmed by the court of appeal. State v. Green, 482 So.2d 1095 (La.App. 3rd Cir.1986). The defendant objected at trial to the court's reading to the jury the allegations of previous crimes in the indictment on the ground that evidence of the past crimes is only admissible in the event the defendant is convicted and it is merely a sentencing guideline and not an essential *1071 element of the offense. The trial court overruled the objection for the reason that the allegations of the prior offenses were necessary to fully charge the basic offense and therefore were properly contained in the indictment. By implication the Supreme Court seems to have agreed with that reasoning because, after setting it forth, it stated that it was considering the defendant's attack on the theft offense recidivist procedure solely on the defendant's argument that the Due Process Clause of the Fourteenth Amendment requires the trial judge, when evidence of a defendant's prior conviction is to be introduced for purposes of sentence enhancement at the guilt determination stage of the trial, to give a limiting jury instruction requiring the jury to consider defendant's prior convictions only for the purpose of sentence enhancement and not to take it into account in assessing his guilt or innocence of the primary offense charged. In ruling that a one-stage recidivist trial procedure would, in the absence of a mandatory limiting jury instruction "fall below the minimum level the Fourteenth Amendment will tolerate," the Supreme Court relied on the United States Supreme Court case Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).
In Spencer, the United States Supreme Court upheld the constitutionality of a Texas recidivist statute which permitted the state to fully inform a jury, during a defendant's trial on the pending criminal charge, of the defendant's past convictions when the jury was also charged that such matters were to be considered only for the limited purpose of enhancement of punishment and not for deciding guilt or innocence. The United State Supreme Court recognized that prior crime evidence has a potential for prejudice and is usually excluded, except when it is particularly probative in showing such things as intent, a system of criminal activity, or when the defendant has raised the issue of his character, or when the defendant has testified and the state seeks to impeach his credibility. The Court acknowledged that the use of prior crime evidence in a one-stage recidivist trial may represent a less cogent state interest than does its use for other purposes, in that other procedures for applying enhancement-of-sentence statutes are available to the state, such as bifurcated proceedings. Nevertheless, the Court concluded that under the Texas statutory scheme, the use of prior crime evidence in a one-stage recidivist trial was acceptable because the jury is instructed to limit consideration of the evidence for its proper purpose and because the procedure serves a valid state purpose of enforcement of habitual offender laws, where Texas juries have the authority to impose punishment.
After reviewing this long line of jurisprudence, we reach a different result from that of our First and Third Circuit brethren. We find that the state Supreme Court cases, which are cited and relied on for holding that allegations of prior convictions, under La. R.S. 40:982, must be placed in the bill of information and presented to the jury, are fundamentally distinguishable from the instant case and do not mandate that procedure in this case. All those cases, Bouzigard, Keys, Pounds and Green, involved offenses where the first offense is a misdemeanor and the charge of a second or subsequent offense, prescribed within the same statute as the original offense, raises the grade of the offense and its procedural requirements as well as its prescribed consequences to a felony. Clearly in those cases, as it has been held, the defendant must be put on notice from the first stages of the prosecution in the charging document of the full nature of the offense. As cited and relied on, La.C.Cr.P. art. 483 is applicable to those situations and requires that allegations *1072 of a prior conviction of the defendant be presented in the charging document because it is "necessary to fully charge the offense."
However, we find that those considerations are not applicable here, where the initial charge is a felony. The multiple drug offender provision, La. R.S. 40:982, is a completely separate statute, and the allegations of a multiple offense do not effect the grade of the offense, the trial procedure or the consequences except to allow enhancement of the sentence, which is strictly a function of the trial judge in Louisiana. Additionally, we do not have the rational basis or compelling state interest in this case, as was relied on by the United States Supreme Court in Spencer, because sentencing is not within the province of the jury in Louisiana. Habitual offender laws enacted by our Legislature can still be enforced, like La. R.S. 15:529.1, without presenting the allegations of prior convictions to the jury before a determination of guilt for the instant offense is made.
Moreover, weighing against the one-stage recidivist procedure is the well settled recognition of the prejudicial effect of admitting other crimes evidence before the jury, where it is not otherwise admissible, made even worse by placing it in the official charging document. We allow it in certain situations where the probative value outweighs the prejudicial effect, for example, to prove knowledge, intent or system. And, it is allowed for compelling reasons, like in Bouzigard, to fully charge the offense before trial, and, in Texas, where the jury has the authority to effect sentencing. But none of those reasons are applicable to the case before us.
This was observed by Justice Barham in his concurring reasons in State v. Bouzigard, 286 So.2d 633, 637 (La.1973):
In construing the multiple offender statute, we have held that the jury cannot be informed of the previous convictions which will later be spread before a judge alone so that he may determine the penalty to be imposed. State v. Jones, 209 La. 394, 24 So.2d 627 (1945).
Our law condemns the use of other offenses during the trial of the defendant for a particular offense because of the overriding prejudicial effect it may have in the jurors' minds of the guilt or innocence for the particular offense charged. Particularly in crimes involving narcotics, prior offenses are highly prejudicial in determining whether or not a defendant is guilty of the particular offense of which he is presently accused. (emphasis supplied).
Id. at 637.
Similarly, Chief Justice Warren made the same point in his dissent in Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606:
Recidivist statutes have never been thought to allow the State to show probability of guilt because of prior convictions. Their justification is only that a defendant's prior crimes should lead to enhanced punishment for any subsequent offenses.
Recognition of the prejudicial effect of prior-convictions evidence has traditionally been related to the requirement of our criminal law that the State prove beyond a reasonable doubt the commission of a specific criminal act. It is surely ingrained in our jurisprudence that an accused's reputation or criminal disposition is no basis for penal sanctions. Because of the possibility that the generality of the jury's verdict might mask a finding of guilt based on an accused's past crimes or unsavory reputation, state and federal courts have consistently refused to admit evidence of *1073 past crimes except in circumstance where it tends to prove something other than general criminal disposition.
Because of the complete irrelevance of prior convictions to the question of guilt or innocence, the recidivist situation is not one where the trial courts are called upon to balance the probative value of prior convictions evidence against their prejudicial impact. The purpose of admitting prior-convictions evidence should be served and prejudice completely avoided by the simple expedient of a procedure which reflects the exclusive relevance of recidivist statutes to the issue of proper punishment. Only after a defendant has been found guilty does the question of whether he fits the recidivist category become relevant to the sentence....
Thus, we find that, since allegations of prior drug convictions under La. R.S. 40:982 are relevant only to sentencing enhancement where, as here, the Defendant is already charged with a felony, it should be treated as a sentencing enhancement provision, like La. R.S. 15:529.1, and not as a substantive element of the charged offense. The right granted by the Legislature in La. R.S. 40:982, to enhance the sentence of one convicted of a drug offense where he has a prior drug conviction, does not carry with it the right to put that information before the jury prior to a determination of guilt. Like La. R.S. 15:529.1, La. R.S. 40:982 is contained in a separate statute, applicable to numerous different offenses, and not within the individual criminal statutes as it is, for example, for theft and operating a vehicle while intoxicated. Also, like 529.1 it does not change the grade of the offense. Further, considered as a sentencing enhancement statute, rather than as a substantive element of the offense, the inadequate proof of the prior offense would not preclude reconsideration upon remand for re-sentencing.
Thus, we find that, in the context of this case where the Defendant is initially charged with a felony and the grade of his offense will not be effected by the State's intent to enhance his sentence as a multiple offender if convicted, there is no reason, compelling or otherwise, to place allegations of prior convictions in the bill of information and present that evidence to the jury. Further, we find that such action is prohibited by La.C.Cr.P. art. 483 which provides that "an indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense" because it is not necessary in a case such as this. La. R.S. 40:982 is simply a sentencing enhancement provision and does not create a substantive element of the offense with which the Defendant was charged.
Therefore, we find merit in the Defendant's argument that allegations of his prior conviction should not have been placed in the bill of information in this case and read to the jury. This was exacerbated by the fact that no such evidence was presented by the State, thus it cannot be determined if there even is any foundation for the allegation. We conclude that there was trial error in the admission of "other crimes" evidence at the Defendant's trial. Such an error, however, does not necessarily require reversal of the conviction, but is subject to harmless error review. State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94. The test for determining harmless error is whether it appears, beyond a reasonable doubt, that the error complained of did not contribute to the verdict. State v. Johnson, supra.
The jury in this case heard the testimony of Agent Vignes and Deputy *1074 Greenwood that they found a clear plastic bag containing fifty rocks of crack cocaine in the Defendant's pants after he made hand motions in an attempt to hide it. Based on this, we find that the reading of the bill of information to the jury with allegations of a prior drug conviction by the Defendant was harmless.[3]
Accordingly, for the foregoing reasons, we vacate the Defendant's sentence as a second offender, affirm his conviction for possession of cocaine with intent to distribute, and remand to the trial court for resentencing consistent with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.
NOTES
[1] State of La., ex rel., Wells v. Cain, 01-KH-60 (La.App. 5th Cir.1/24/01) (unpublished writ disposition).
[2] La.C.Cr.P. art. 483 provides:

If it is necessary to allege a prior conviction in an indictment, it is sufficient to allege the name or nature of the offense and the fact, date, and court of conviction.
An indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense.
[3] Based on this finding, we do not reach the question of whether the admonition given by the trial judge to the jury as required by Green was sufficient.