_[iDREW, J.
Defendant appeals from an adverse ruling denying his Motion to Quash, based on the alleged unconstitutionality of La. R.S. 40:982. We affirm the ruling of the trial court.

HISTORY

- On March 4, 1999, the state charged James Palmer by bill of indictment with possession of marijuana on January 8, 1999, with intent to distribute. The indictment further alleged that defendant was a second offender, predicated on the fact that he was adjourned (sic) guilty of possession of cocaine in July of 1994.
The defendant moved to quash the instant charge, arguing that the bill was prejudicial because it listed his prior drug conviction. The trial court initially granted the motion to quash, but later reversed itself and denied the motion. Defendant then pled guilty to a charge of possession of marijuana with intent to distribute, with an agreed 10-year sentence, reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the denial of his motion to quash.

BACKGROUND

In January 1999, following two buys by an informant and an undercover officer, members of the Bastrop Police Department executed a search warrant at defendant’s residence. The police seized three pounds of marijuana, as well as Baggies and other drug paraphernalia.

DISCUSSION .

Defendant relies on State v. Wells, 01-1276 (La.App. 5th Cir.3/26/02), 815 So.2d 1063, which held that there is no reason to place 12aIlegations of prior convictions in a bill of information when the first offense was for a felony and the alie- *18 gation is used to invoke an enhancement provision. The Fifth Circuit noted that its approach was. not followed by the First and Third Circuits. After consider the excellently drafted and well-reasoned opinions on both sides of the question, we feel that the First and Third Circuits got it right. See State v. Franklin, 96-1346 (La.App. 3d Cir.4/16/97), 693 So.2d 219, writ denied, 97-2129 (La.3/13/98), 712 So.2d 867; and State v. Rodriguez, 572 So.2d 358 (La.App. 1 Cir.1990), writ denied, 576 So.2d 46 (La.1991).
It is the intent of La. R.S. 40:982 to punish repeat drug offenders. State v. Sarrio, 01-543 (La.App. 5th Cir.11/27/01), 803 So.2d 212.
To obtain a multiple offender conviction under R.S. 40:982, the allegation that the offense is a second or subsequent offense “must be contained in the formal charge instituting criminal prosecution of the underlying offense.” State v. Franklin, supra. The prior conviction “must” be alleged in the charging document in order to enhance the penalty. State v. Murray, 357 So.2d 1121 (La.1978).
This is so, even though sentencing is not a jury function. State v. Livings, 95-251 (La.App. 3d Cir.11/15/95), 664 So.2d 729, writ denied, 95-2906 (La.2/28/96), 668 So.2d 367. In such cases, the jury is given a limiting instruction that the past convictions are not to be taken into account in assessing guilt or innocence on the charged offense. State v. Green, 493 So.2d 588 (La.1986).
|sThe fact of the prior conviction must be alleged in the formal charge, or else the sentence as a second offender is invalid and must be vacated, giving the state no choice in the matter. See State v. Rodriguez, supra; State v. Franklin, 449 So.2d 63, 67 (La.App. 4th Cir.1984). (A bill of information containing the prior drug conviction' was properly read to the jury.)
Furthermore, the defendant must be informed of the nature and cause of the accusation against him. State v. Livings, supra. The Sixth Amendment to the U.S. Constitution provides for the right of confrontation. Knowledge of all elements of the charge should be clearly imparted to the defendant, to satisfy this basic right.
Other than one case from our learned colleagues on the Fifth Circuit, the jurisprudence does not support the defendant’s argument in this appeal. Even that case, which erroneously held that the previous conviction should not have been alleged in the bill of information, found that the reading of the bill to the jury was harmless error due to the overwhelming evidence of guilt. State v. Wells, supra. Likewise, we also have overwhelming and direct evidence of guilt in this instant case.
We are sensitive to the quandary of the defendant in this situation. Normally, a petit jury would not learn of a prior conviction unless the defendant took the stand, or unless the Prieur situation existed, with proper notice and requisite hearing.
If the Legislature or Supreme Court established an out-of-court notice procedure similar to State v. Prieur, 277 So.2d 126 (La.1973), ^acknowledged in each case by each defendant, then a defendant would at least have the option of either:
• requiring the state to prove this element, with the jury learning about the previous misdeed during opening instructions; or
• conceding the proof of this element to the court, outside of the presence of the jury, thereby leaving the defendant the option of concealing this information from the jury.
Until a legislative or jurisprudential solution is found, however, we find no way to harmonize the defense position here with the clear holding of Apprendi v. New Jer *19 sey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that proof beyond a reasonable doubt of all elements of the crime must be arrived at by a jury, in order to expose a defendant to criminal sanctions.
The Motion to Quash lacks merit. We affirm the learned trial court’s denial of the motion. We farther affirm the conviction and sentence.

DECREE

The trial court’s ruling on the Motion to Quash, as well as the conviction and sentence are AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS,. GASKINS, CARAWAY, PEATROSS, and DREW, JJ.
Rehearing denied.