906 So.2d 399 (2005)
STATE of Louisiana
v.
Glenn D. SKIPPER.
No. 2004-KA-2137.
Supreme Court of Louisiana.
June 29, 2005.
*401 Hon. Charles C. Foti, Jr., Attorney General, Hon. Eddie J. Jordan, Jr., District Attorney, Michael Gerard Morales, Assistant District Attorney, Counsel for Appellant.
Charles Gary Wainwright, New Orleans, LA, Counsel for Appellee.
TRAYLOR, J.
The state directly appeals a ruling of the trial court granting the defendant's motion to quash the bill of information charging the defendant with being a second felony drug offender and declaring unconstitutional La. R.S. 40:982. Because we find that the statute provides for the sentence enhancement of recidivist drug offenders and not for a separate substantive element which must be placed in the indictment of the present offense, we affirm the granting of the motion to quash and reverse the trial court's determination of the statute's unconstitutionality.

FACTS
On April 16, 2004, the state filed a bill of information charging the defendant, Glenn D. Skipper, with possession of between 28 and 200 grams of crack cocaine, in violation of La. R.S. 40:967. Skipper pleaded not guilty to this charge. On June 21, 2004, the state amended the bill of information to additionally charge the defendant under La. R.S. 40:982, alleging that he had been previously convicted of the same offense, possession of between 28 and 200 grams of crack cocaine, in Case Number 355-081, Division "C" of the Criminal District Court for the Parish of Orleans.
*402 On June 29, 2004, the defendant filed a motion to quash the amended bill of information and to declare unconstitutional La. R.S. 40:982. Skipper asserted that, by placing the fact of his prior conviction in the bill of information, reading that charge to the jury and presenting evidence of that prior conviction to the jury at the trial of the instant offense, the state would violate his federal and state constitutional rights in several respects.[1]
After a hearing held July 16, 2004, the trial court granted the defendant's motion, quashing the amended bill of information and declaring La. R.S. 40:982 unconstitutional as a violation of an accused's rights against self-incrimination and to a fair trial. Specifically, the trial judge held:
... So, we have somebody that's charged with 28 to 200 grams of cocaine in the Bill of Information and you tell the jury before you try this factual question that he's previously been convicted of 28 to 200 grams, which seems to be violative of the Fifth Amendment Rights. I think the defendant's entitled to be able to come sit down there and let's try the facts in this case. And I think that this thing is unconstitutional, that it does give away the Fifth Amendment Right claim that the defendant has, and I'm going to quash the bill of Information on that basis and let's see what the appellate courts do. But I'm quashing it, I'm quashing the statute on its enhancement provision.
...
I'm not saying double jeopardy. I'm saying it's that you're placing this man, you're making him give up his Fifth Amendment Rights and I just think, basically, Sixth Amendment Fair Trial, I don't think that can ever be a fair trial. In my opinion, how can you have a fair trial when you tell the jury, Hey, he's going to trial on 28 to 200 grams? And guess what, he was convicted of 28 to 200 grams sometime ago. How is that a fair trial?
I'm quashing the statute.[2]
The state objected to both of the trial court's rulings and perfected a direct appeal to this Court pursuant to La. Const. art. 5, § 5(D).[3] Specifically, the state seeks review of the trial court's granting of the motion to quash and the declaration of the statute's unconstitutionality.

LAW AND DISCUSSION
Legislation is the solemn expression of the legislative will; therefore, the interpretation of a statute involves primarily the search for the legislature's intent. La.Code Civ. art. 2; Denham Springs Economic Development Dist. v. All Taxpayers, Property Owners, et. al., XXXX-XXXX p. 6 (La.2/4/05), 894 So.2d 325, 330. Statutes are generally presumed to be constitutional, and any doubt is to be resolved in the statute's favor. State v. Palermo, 2000-2488, 2000-2499 p. 5 (La.5/31/02), 818 So.2d 745, 748. The party challenging the constitutionality of a statute bears a heavy burden in proving that statute to be unconstitutional. Id.
The interpretation of a statute begins with the language of the statute *403 itself. Denham Springs, XXXX-XXXX p. 6, 894 So.2d at 330. "Louisiana criminal statutes must be `given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.'" Palermo, 2000-2488, 2000-2499 p. 5, 818 So.2d at 749, citing La. R.S. 14:3. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the legislature's intent. La.Code Civ. art. 9; Denham Springs, XXXX-XXXX p. 6-7, 894 So.2d at 330. Detillier v. Kenner Regional Medical Center, XXXX-XXXX p. 4 (La.7/6/04), 877 So.2d 100, 103. When the language of the law is susceptible of different meanings, however, it must be interpreted as having the meaning that best conforms to the purpose of the law, and the meaning of ambiguous words must be sought by examining the context in which they occur and the text of the law as a whole. La.Code Civ. arts. 10 and 12; Detillier, XXXX-XXXX p. 4, 877 So.2d at 103.
La. R.S. 40:982 provides:
A. Any person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both. If the conviction is for an offense punishable under R.S. 40:966(B), R.S. 40:967(B), R.S. 40:968(B) or R.S. 40:969(B), and if it is the offender's second or subsequent offense, the court may impose in addition to any term of imprisonment and fine, twice the special parole term otherwise authorized.
B. For purposes of this section, an offense shall be considered a second or subsequent offense, if, prior to the commission of such offense, the offender had at any time been convicted of any violation of this state, the United States, any other state of or any foreign country, relating to the unlawful use, possession, production, manufacturing, distribution, or dispensation of any narcotic drug, marijuana, depressant, stimulant, or hallucinogenic drug.
The language of the statute is clear. La. R.S. 40:982 grants to the state the right to seek an enhanced sentence when a person is convicted of a drug-related offense if, prior to the commission of the present conviction, the offender had been convicted of any other drug-related offense. What is left unexplained by the language of the statute is the manner in which the state implements that right. This unanswered question frames the issue now before us.
The state contends that the defendant's prior conviction must be placed in the bill of information charging the second or subsequent drug-related offense and proved as a substantive element of the crime whenever the state intends to invoke the sentencing provisions of La. R.S. 40:982 in the event the defendant is ultimately convicted of the second or subsequent drug-related offense. The defendant responds by claiming that, as a substantive element of the presently-charged offense, the statute violates several of the defendants' constitutional rights, including his rights against self-incrimination and to a fair trial. The defendant additionally argues that the statute provides only for sentence enhancement after conviction of drug-related offenses, similar in effect to the general statute for habitual or multiple offenders, La. R.S. 15:529.1.[4]
*404 Thus, the issue presented here is whether La. R.S. 40:982 creates an additional substantive element to the charged offense, which must be placed in the bill of information, read to the jury, proven at trial, and found by the jury beyond a reasonable doubt or whether it is a sentencing enhancement provision, which is the subject of a separate proceeding after conviction which is not presented to the jury before a determination of guilt is made as to the instant offense.

Statutory History
A particularly helpful guide in ascertaining the intent of the legislature is the history of the statute in question and any related legislation. Theriot v. Midland Risk Ins. Co., 1995-2895 p. 4 (La.5/20/97), 694 So.2d 184, 186. La. R.S. 40:982 is found in Part X of Chapter 4 of Title 40 under the heading "Uniform Controlled Dangerous Substances Law." The initial enactment of this legislation, entitled the "Uniform Narcotic Drug Act," failed to contain a provision for the enhancement of sentences for recidivist offenders. See Acts 1934, 2nd Ex.Sess., No. 14, § 20[5] and § 25.[6]
Pursuant to the codification of the laws of the State of Louisiana into the Louisiana Revised Statutes of 1950, the initial enactment and subsequent amendments of the Uniform Narcotic Drug Law became La. R.S. 40:961-984. Although several amendments were made to the initial enactment, a provision for enhanced sentences for recidivist offenders was not inserted into the law until 1952.[7] Acts 1952, No. 429, which amended the penalty provisions of the Uniform Narcotic Drug Law, then codified at La. R.S. 40:981 of the Louisiana Revised Statutes of 1950, provided in pertinent part:
Persons who are convicted as multiple felonious offenders under the provisions of R.S. 15:529.1 after having been found Guilty as Charged of a violation of this Sub-part shall if Guilty of a second felony be sentenced to imprisonment for a term of not less than fifteen years at hard labor; if Guilty of a third felony to a term of not less than Twenty years at hard labor; and if Guilty of a fourth or subsequent felony to a term of life imprisonment at hard labor. Persons who are found Guilty of the attempt to violate this Sub-part and who are multiple felonious offenders and first offenders who are found Guilty of the Crime of attempting to violate the provisions *405 of this Sub-part shall be sentenced to a term of imprisonment at hard labor of not less than five years. On second and subsequent convictions under this Sub-part, the punishment prescribed under the provisions of this Sub-part shall not be suspended or probated. No person sentenced under this section shall be eligible for parole. (Emphasis added)
Thus, as originally conceived, the enhancement of penalties for second or subsequent drug-related offenses described in the Uniform Narcotics Drug Law explicitly incorporated the provisions of the habitual offender statute, La. R.S. 15:529.1, which operates as a sentence enhancement only after conviction.
An amendment two years later removed the language explicitly referencing the habitual offender statute. Instead, after stating the amended penalties for violation of the Uniform Narcotic Drug Law, Acts 1954, No. 682 provided only that, for second and subsequent convictions, "On second and subsequent convictions under this Sub-part, the punishment prescribed under the provisions of this Sub-part, shall not be suspended or probated. No person sentenced under this section shall be eligible for parole." The 1956 amendment and re-enactment of former La. R.S. 40:981 removed the language regarding penalties for recidivist offenders from the penalty section entirely. See Acts 1956, No. 84.
In 1970, the legislature amended and reenacted the Uniform Narcotic Drug Law, now designated as the Uniform Controlled Dangerous Substances Law, and added a specific section for the enhancement of penalties for those persons convicted of second or subsequent drug-related offenses, which is materially similar to the statute as it now exists.[8] Amendments in 1972[9] and 1973[10] resulted in the statute's present form, now designated as La. R.S. 40:982. Thus, the statutory history of La. R.S. 40:982 provides some support for the conclusion that La. R.S. 40:982 should be implemented in a way similar to the general multiple offender provisions of La. R.S. 15:529.1, as a sentence enhancement following conviction of multiple drug-related offenses.

Louisiana Supreme Court Cases
We turn now to a review of the jurisprudential interpretation of La. R.S. 40:982. The legislature's failure to explicitly provide a procedure to implement the state's right to seek an enhanced sentence for recidivist drug offenders has resulted in *406 confusion over whether the statute should be viewed as an additional element to be proved with the elements of the second or subsequent offense, or whether the statute may be used for sentence enhancement after conviction of the second or subsequent offense. This confusion has caused a split in the circuits regarding the appropriate procedure to implement the state's right to seek an enhanced penalty. The First, Second and Third Circuits have determined that La. R.S. 40:982 should be implemented as an additional element of the offense which must be placed in the bill of information and proved at trial. The Fifth Circuit has determined that La. R.S. 40:982 is a sentencing enhancement provision only, similar to La. R.S. 15:529.1, which is applicable after conviction. The trial court in this case, which is within the Fourth Circuit, has found that La. R.S. 40:982 is unconstitutional to the extent that the statute is considered an element of the crime which necessitates placement of the prior conviction in the charging instrument and introduction of evidence before the jury.
At the crux of this rift is the tension between two constitutional safeguards. On the one hand, an accused is entitled to be informed of the nature of the charges against him. See U.S. Const. Amend. VI and La. Const. art. 1, § 13.[11] The state's position, adopted by the First, Second and Third Circuits, which places the prior conviction of the defendant in the present bill of information, informs the defendant that he is being charged as a recidivist drug offender and that, if convicted of this second or subsequent offense, the state will seek enhanced penalties against him.
The Code of Criminal Procedure implements these constitutional safeguards in La.C.Cr.P. arts. 464 and 483. See State v. Pounds, 359 So.2d 150, 152 (La.1978). La.C.Cr.P. art. 464 requires that
the indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
La.C.Cr.P. art. 483 provides:
If it is necessary to allege a prior conviction in an indictment, it is sufficient to allege the name or nature of the offense and the fact, date, and court of the conviction.
An indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense.
On the other hand, an accused is also constitutionally entitled to a fair trial, one in which he enjoys the presumption of innocence and during which he may choose to remain silent, and his past crimes cannot generally be used against him. See U.S. Const. Amend. V and La. Const. art. 1, § 16.[12] The Fifth Circuit has found these constitutional arguments persuasive.
*407 The two constitutional safeguards were examined by this Court in the early case of State v. Compagno, 125 La. 669, 51 So. 681 (1910). In Compagno, the defendant was charged with having sold liquor to minors in violation of Act 176 of 1908. After Compagno was found guilty, the court sentenced him to pay a fine of $100 and to serve three months in the parish prison. The court also permanently revoked Compagno's right to run a barroom, on the ground that this was his second offense. The point at issue before the Court was whether the cumulative penalty could be imposed when the affidavit contained no reference to the prior offense.
In discussing, and overruling, an earlier case which had expressed the view that a prior offense should not be placed in the charging instrument, the Court reasoned as follows:
The court in the cited case said that the defendant was offered an opportunity to show, if he had been convicted previously or not at the time, that the court took official cognizance of that fact. The court further said that the accused was not prejudiced. On the contrary; but that, if it had been alleged in the indictment or information that he had been convicted as a previous date, such allegation would have been prejudicial to the defense before the jury, as it would appear that he was charged with having committed a prior offense.
Where a defendant claims the right to have the crime for which it is sought to convict him fully set forth in the act of accusation, his right to have a full statement cannot be denied to him on the ground that the state treats him with special leniency, and withholds a charge apprehending a charge of prior conviction, for the reason that it may prejudice him before the jury. If the averment is essential, it should be made a ground in the affidavit.
We are of opinion that it is essential; that the first conviction must be alleged. It enters into and makes part of the last offense. It is an aggravation which gives rise to an increase of the punishment. In matter of increasing the punishment it is an essential.
The defendant has the right to know why it is that the punishment is increased, and that knowledge should be conveyed to him before sentence by properly charging him with the fact that he has been previously convicted. In other words, it becomes a part of the second offense. It is the basis of the sentence for increasing the punishment.
...
We hold that the previous charge must be charged before sentence and passed upon after having heard the proof of the previous crime charged and after it has been made to appear that the previous charge is one which can be considered as effective against the defendant in holding that he has aggravated his second offense because of his having committed the first.

Compagno, 125 La. at 670-672, 51 So. at 682.
The act describing the criminal offense at issue in Compagno provided that selling liquor to minors was punishable by the penalty of a fine of between $50 to $500 and imprisonment in the parish jail or parish prison for not more than two years, or both. See Section 6 of Act 179 of 1908. The additional penalty of being "permanently deprived thereafter of the privilege *408 of conducting a barroom," was located in a different section within the same act. See Section 7 of Act 179 of 1908.
Compagno was relied upon as authority in State v. Bouzigard, 286 So.2d 633 (La.1973). In Bouzigard, the defendant was charged by bill of information with possession of marijuana, a misdemeanor, and a violation of La. R.S. 40:966. Although the prosecutor apparently informed Bouzigard and his attorney that Bouzigard would be prosecuted as a second offender for possession of marijuana, a felony, Bouzigard was actually tried under a bill of information charging him only with simple possession of marijuana before a five man jury. The bill of information did not allege that Bouzigard had been previously convicted of a similar offense. On the day of sentencing, the state amended the bill of information, raising the grade of offense from a misdemeanor to a felony. The trial court sentenced Bouzigard as a felony offender.
This Court set aside the sentence. The Court found the amended bill of information did not comply with the technical requirements of La.C.Cr.P. art. 483 in that the bill did not allege the name or nature of the prior offense nor the court of the conviction. Aside from that technical reason, however, the Court found another reason why the amended bill of information did not support the sentence imposed.
Bouzigard noted several provisions in our criminal code, similar to the penalties for possession of marijuana, which provide for enhanced penalties for repeat offenders.[13] Citing the Official Revision Comment to La.C.Cr.P. art. 483, the Court noted that "in such cases the prior convictions, like the amount of damage done in a simple arson case, is a matter to be determined in arriving at the degree of the defendant's guilt and must be alleged in the indictment." Bouzigard, 286 So.2d at 635. The Court also relied upon its previous holding in Compagno to find that the prior offense should be placed in the charging instrument.
Bouzigard differentiated between criminal statutes which contain provisions within themselves for enhanced sentences for repeat offenders and the general sentencing enhancement provisions of the habitual offender law, La. R.S. 15:529.1:
It should be noted that prosecution under R.S. 40:966 and comparable statutes which provide for enhanced penalties for repeat violators is unlike prosecution under the Habitual Offender Law, R.S. 15:529.1 which concerns itself with prior unrelated felonies. Under that statute if the District Attorney chooses to exercise his discretion and charge a defendant with being a habitual offender, he must file a bill of information under R.S. 15:529.1 only after conviction or sentence. There the prior felony or felonies for which a defendant has been convicted, from {sic; form} no element of the most recently committed offense, and as provided by the second paragraph of Article 483, La.C.Cr.Pr.
`... the indictment shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense.'

Bouzigard, 286 So.2d at 636.
A few years after Bouzigard, this Court was presented with a question involving *409 the present form of La. R.S. 40:982. In State v. Murray, 357 So.2d 1121 (La.1978), the defendant was found guilty of distribution of a controlled dangerous substance. Subsequently, the state charged Murray as a multiple offender under La. R.S. 15:529.1. The lower court found Murray to be a multiple offender and sentenced him to a term of years as authorized under the habitual offender law.
On appeal, Murray complained that the trial court erred in refusing to quash the bill of information charging him as a multiple offender under La. R.S. 15:529.1 and in sentencing him under the provisions of that statute. Instead, Murray argued he should have received an enhanced penalty only under the provisions of La. R.S. 40:982 since his prior offense was also a violation of the Uniform Controlled Dangerous Substances Law.
This Court ultimately held that the district attorney is accorded wide discretion in determining when and how he shall prosecute. When more than one provision of the law may apply, this Court held that the district attorney has the discretion to elect which of the provisions to invoke. Murray, 357 So.2d at 1124.
The Murray opinion noted that the bill of information had not charged the distribution offense as a second offense. Without further analysis, the Court stated, "[h]ence, the prior offense could not be used to enhance the penalty under La. R.S. 40:982." Murray, 357 So.2d at 1124. The citations of authority which followed this statement were cases in which the criminal statutes at issue had their own enhancement provisions within the statutes themselves and for which a second or subsequent offense determined the grade of the offense and type of trial to which the criminal defendant was entitled. See State v. Keys, 328 So.2d 154 (La.1976) (possession of marijuana, second offense);[14]State v. Bass, 254 La. 83, 222 So.2d 865 (1969) (DWI); State v. Gerald, 250 La. 759, 199 So.2d 536 (1967) (same).
In State v. Pounds, 359 So.2d 150 (La.1978), decided the same year as Murray, a defendant found guilty of being a convicted felon in possession of a weapon, a violation of La. R.S. 14:95.1,[15] challenged his conviction by contending that the allegations of prior offenses in the bill of information deprived him of his presumption of innocence and constitutional right not to incriminate himself under U.S. Const. Amend. V and La. Const. art. 1, § 16. This Court dismissed these claims, finding that the allegation of a prior conviction in the bill of information was an element of the offense and, thus, was necessary to charge Pounds and inform him of the nature *410 and cause of the accusation against him under U.S. Const. Amend. VI and La. Const. art. 1, § 13. Pounds, 359 So.2d at 152. The Court reasoned:
Without the statement in the bill of information relative to prior offenses the accused could not know whether he would stand trial for a misdemeanor or felony; whether the prior convictions were under the same statute; and whether the prior convictions were too remote in time to warrant the enhanced penalty provided for in the statute. All of this is required to inform the accused or {sic; of} the "nature and cause of the accusation against him" and to satisfy the constitutional mandates to that effect. Id.

Finally, in State v. Green, 493 So.2d 588 (La.1986), this Court was again presented with the constitutional issues of due process and a fair trial for a criminal defendant and the defendant's right to be informed of the nature and cause of the charge against him. Green was convicted by a jury of third offense theft, a violation of La. R.S. 14:67. On appeal, Green raised the issue whether his constitutional right to due process was violated by the fact that the jury was aware of his prior convictions, either by reading of the bill of information or by stipulation of that evidence presented at trial.
In reviewing the case, the Court found the Supreme Court's determination in Spencer v. Texas[16] to be instructive. In Spencer, the Supreme Court found that the recidivist procedure described therein satisfied constitutional due process concerns, where the procedure allowed evidence of a defendant's prior crimes to be admitted for punishment enhancement during the guilt determination trial with an instruction to the jury as to the limited purpose of the prior crimes evidence. Spencer, 385 U.S. at 582, 87 S.Ct. at 652-653.[17]
Thus, the Court concluded in Green that when a state statute authorizes the prosecutor, in a single proceeding, to offer both evidence of the defendant's guilt of the primary charge and evidence of his prior criminal record of crimes of a similar nature to enhance his punishment, due process considerations require the trial judge to give a limiting instruction to the jury that the prior convictions cannot be considered in the determination of guilt or innocence on the primary offense charged. Green, 493 So.2d at 592. Because no limiting instruction was given to the jury which decided Green's guilt, this Court reversed his conviction and remanded for further proceedings.
With the background of the aforementioned Louisiana Supreme Court cases in mind, we now turn to the appellate court decisions which have manifested the divergence of interpretation of La. R.S. 40:982.

Louisiana Appellate Cases

First Circuit
The first appellate case to consider the issue presented here was State v. Rodriguez, 572 So.2d 358 (La.App. 1 Cir.1990), writ denied, 576 So.2d 46 (La.1991). In *411 Rodriguez, the defendant was charged by bill of information with distribution of marijuana, in violation of La. R.S. 40:966. Rodriguez was tried by a jury and found guilty as charged. Subsequently, the state filed a "motion to sentence as a second offender" pursuant to La. R.S. 40:982. Following a multiple offender hearing on the motion, the trial court adjudged Rodriguez to be a second offender and sentenced him to an enhanced penalty as authorized under La. R.S. 40:982. On appeal, Rodriguez argued that the trial court erred by enhancing his sentence as a second offender pursuant to La. R.S. 40:982 because the bill of information failed to charge the distribution of marijuana as a second offense  the exact inverse of the argument presented by the defendant in the instant case.
The appellate court vacated the sentence and remanded, finding that "to obtain a multiple offender conviction under La. R.S. 40:982 for a violation of the Uniform Controlled Substances Law, the allegation that the underlying offense is a second or subsequent offense must be contained in the formal charge instituting criminal prosecution of the underlying offense." Rodriguez, 572 So.2d at 360. In formulating this holding, the appellate court relied upon Bouzigard, Keys, and Murray.[18]

Third Circuit[19]
A trio of cases in the Third Circuit hold that prior convictions must be contained in the bill of information of the primary offense in order to enhance sentencing under La. R.S. 40:982. In State v. Livings, 95-251 (La.App. 3 Cir. 11/15/95), 664 So.2d 729, writ denied, 95-2906 (La.2/28/96), 668 So.2d 367, the defendant was convicted by a jury of possession of cocaine and possession of drug paraphernalia. Livings argued on appeal that the bill of information was prejudicially and unconstitutionally drafted because it recited other crimes. Relying upon Bouzigard and Rodriguez, the Third Circuit found that the prior conviction was properly placed in the bill of information pursuant to La.C.Cr.P. art. 483. Moreover, the Third Circuit found that
Livings was not constitutionally deprived of his right to due process by the inclusion in the bill of information of facts concerning his prior convictions. The reading of the bill of information to the jury, the introduction into evidence of the records of the prior convictions, and the stipulation to the jury that the prior crimes had occurred did not deprive Livings of his constitutional rights because the trial judge gave limiting instructions as required in Green, 493 So.2d 588. Livings, 95-251 p. 9, 664 So.2d at 735.
After Livings, the Third Circuit considered State v. Franklin, 96-1346 (La.App. 3 Cir. 4/16/97), 693 So.2d 219, writ denied, 97-2129 (La.3/13/98), 712 So.2d 867. In Franklin, the appellate court affirmed the defendant's conviction for possession of cocaine with intent to distribute, second offense, and conspiracy to possess cocaine with the intent to distribute. Although Franklin argued that La. R.S. 40:982 was intended to be only a sentence enhancement provision, similar to La. R.S. 15:529.1, the Third Circuit relied upon Murray, Bouzigard, Rodriguez, and its own recent decision in Livings, to hold that the proper way to implement La. R.S. 40:982 was to place the prior convictions in *412 the bill of information or indictment in order to charge the offense as a second or subsequent offense. Franklin, 96-1346 p. 8-11, 693 So.2d at 224-225.
In State v. Williams, 96-476 (La.App. 3 Cir. 4/30/97), 693 So.2d 870, writ denied, 97-1365 (La.10/31/97), 703 So.2d 20, a case decided by the Third Circuit two weeks after Franklin, a different panel of judges expressed dissatisfaction with the circuit's prior analysis of the proper implementation of La. R.S. 40:982. Although recognizing the precedential value of Livings, and of Green regarding the due process necessity of a jury instruction, the Williams court articulated their reservations, as follows:
In our view, a prior conviction that is not an element of the substantive offense should not be alleged in a bill of information. It offends the notion of a fair trial. It is naive to think that its prejudicial impact is somehow vitiated by a limiting jury instruction. The Louisiana Supreme Court recognized the danger of introduction of other convictions or acts of misconduct in State v. Prieur, 277 So.2d 126, 128 (La.1973):
"* * * the natural and inevitable tendency of the tribunal  whether judge or jury  is to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge. * * *" 1 Wigmore, Evidence § 194 (3rd Edition).
This statute, La. R.S. 40:982, is independent of the crimes of possession of cocaine and conspiracy to possess cocaine with intent to distribute. It is a sentencing mechanism. Sentencing is not a jury function; it is a judge function. The jury has no business hearing evidence of the conviction of another crime for the purpose of enhancing a defendant's sentence because it has nothing to do with what sentence will be imposed.
The risk that the defendant is being convicted for the possession of cocaine and conspiracy to possess cocaine with intent to distribute because he has previously been convicted of these crimes is too great for the jury to become of {sic} aware of these latter convictions in a bill of information when that bill of information refers to a statute other than those which refer to the substantive offenses.
* * *
Thus, this panel has serious reservations about the use of La. R.S. 40:982 as a substantive offense, its use in a bill of information, and its communication to the jury. These reservations are, however and unfortunately, unavailing to the defendant in this case. The Louisiana Supreme Court has apparently approved of such a recidivist procedure in State v. Green, 493 So.2d 588 (La.1986). Our circuit gave approval to this procedure and this very statute in State v. Livings, 95-251 (La. App. 3 Cir. 11/15/95); 664 So.2d 729, writ denied, 95-2906 (La.2/28/96); 668 So.2d 367. More recently, in State v. Franklin, 96-1346 (La.App. 3 Cir. 4/16/97); 693 So.2d 219, our circuit cited State v. Green and State v. Livings with approval. The defendant in State v. Franklin is a co-defendant of the defendant, Williams, in this case. Thus, we feel we are intellectually constrained to follow these cases, although we think they are wrong in their analysis and result. This is a subject to which the legislature should address its attention or which the Louisiana Supreme Court should revisit.

Williams, 96-476 p. 6-8, 693 So.2d at 873-874.

*413 Fifth Circuit

The Fifth Circuit considered the issue in State v. Wells, 01-1276 (La.App. 5 Cir. 3/26/02), 815 So.2d 1063. In Wells, the defendant was charged by bill of information with possession with intent to distribute cocaine, in violation of La. R.S. 40:967. The state later amended the bill of information to include the allegation that Wells had previously been convicted of the same crime. This amended bill of information was read to the jury at trial. However, at the trial, the state introduced no evidence concerning the prior offense. The jury found Wells guilty as charged. At sentencing, the state reminded the trial court that Wells had been charged under La. R.S. 40:982 and requested that he be sentenced as a second offender. However, no evidence was presented at the sentencing hearing to prove that Wells was a second offender. Nevertheless, the trial court sentenced Wells as a second offender under the provisions of La. R.S. 40:982.
On appeal, Wells argued that the trial court erred in sentencing him as a second offender because there was no evidence in the record of a prior offense which he had committed. The Fifth Circuit agreed. "With no evidence to support the allegation that the defendant was a second offender, the trial court clearly erred in sentencing the defendant as a second offender under La. R.S. 40:982." Wells, 01-1276 p. 6-7, 815 So.2d at 1066.
Wells also argued that placing the allegation of another crime in the bill of information was prejudicial error, as well as allowing this allegation to be presented to the jury. Wells claimed he could not obtain a fair trial under these circumstances. The appellate court noted that the issue of how La. R.S. 40:982 should be implemented was new to that circuit. The court undertook an analysis of the reasoning of the First and Third Circuits, and the Louisiana Supreme Court cases upon which those appellate decisions relied, and concluded:
After reviewing this long line of jurisprudence, we reach a different result from that of our First and Third Circuit brethren. We find that the state Supreme Court cases, which are cited and relied on for holding that allegations of prior convictions, under La. R.S. 40:982, must be placed in the bill of information and presented to the jury, are fundamentally distinguishable from the instant case and do not mandate that procedure in this case. All those cases, Bouzigard, Keys, Pounds and Green, involved offenses where the first offense is a misdemeanor and the charge of a second or subsequent offense, prescribed within the same statute as the original offense, raises the grade of the offense and its procedural requirements as well as its prescribed consequences to a felony. Clearly in those cases, as it has been held, the defendant must be put on notice from the first stages of the prosecution in the charging document of the full nature of the offense. As cited and relied on, La.C.Cr.P. art. 483 is applicable to those situations and requires that allegations of a prior conviction of the defendant be presented in the charging document because it is "necessary to fully charge the offense."
However, we find that those considerations are not applicable here, where the initial charge is a felony. The multiple drug offender provision, La. R.S. 40:982, is a completely separate statute, and the allegations of a multiple offense do not effect the grade of the offense, the trial procedure or the consequences except to allow enhancement of the sentence, which is strictly a function of the trial judge in Louisiana. Additionally, we do not have the rational basis or compelling *414 state interest in this case, as was relied on by the United States Supreme Court in Spencer, because sentencing is not within the province of the jury in Louisiana. Habitual offender laws enacted by our Legislature can still be enforced, like La. R.S. 15:529.1, without presenting the allegations of the prior convictions to the jury before a determination of guilt for the instant offense is made.
Moreover, weighing against the one-stage recidivist procedure is the well settled recognition of the prejudicial effect of admitting other crimes evidence before the jury, where it is not otherwise admissible, made even worse by placing it in the official charging document. We allow it in certain situations where the probative value outweighs the prejudicial effect, for example, to prove knowledge, intent or system. And, it is allowed for compelling reasons, like in Bouzigard, to fully charge the offense before trial, and, in Texas, where the jury has the authority to effect sentencing.[[20]] But none of those reasons are applicable to the case before us.

Wells, 01-1276 p. 16-18, 815 So.2d at 1071-1072. So finding, the Fifth Circuit concluded:
Thus, we find that, since allegations of prior drug convictions under La. R.S. 40:982 are relevant only to sentencing enhancement where, as here, the Defendant is already charged with a felony, it should be treated as a sentencing enhancement provision, like La. R.S. 15:529.1, and not as a substantive element of the charged offense. The right granted by the Legislature in La. R.S. 40:982, to enhance the sentence of one convicted of a drug offense where he has a prior drug conviction, does not carry with it the right to put that information before the jury prior to a determination of guilt. Like La. R.S. 15:529.1, La. R.S. 40:982 is contained in a separate statute, applicable to numerous different offenses, and not within the individual criminal statutes as it is, for example, for theft and operating a vehicle while intoxicated. Also, like 529.1, it does not change the grade of the offense.
* * *
La. R.S. 40:982 is simply a sentencing enhancement provision and does not create a substantive element of the offense with which the Defendant was charged.
Wells, 01-1276 p. 19-20, 815 So.2d at 1073.
Because the prior conviction of the defendant in Wells was included in the bill of information and read to the jury, the appellate court found this was error under its analysis. The Fifth Circuit found this error was exacerbated by the fact that no evidence of the prior offense was presented by the state. Wells, 01-1276 p. 20, 815 So.2d at 1073. However, the court of appeal found that the introduction of evidence of other crimes in Wells' trial was subject to a harmless error review under State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94. Id. Finding that the error complained of did not appear beyond a reasonable doubt to contribute to the verdict, the court found the error to be harmless. Wells, 01-1276 p. 20, 815 So.2d at 1074.

Second Circuit
The Second Circuit was, thus, presented with a choice of interpretations of La. R.S. 40:982 when it considered State v. Palmer, 36,779 (La.App. 2 Cir. 12/30/02), 834 So.2d 16, writ denied, 03-0433 (La.5/16/03), 843 So.2d 1130. In Palmer, the defendant was *415 charged with possession of marijuana, second offense, predicated on the fact that he was previously adjudged guilty of possession of cocaine. Palmer appealed from the denial of his motion to quash the bill based on the statute's unconstitutionality. After considering the opinions of the First and Third Circuits, as opposed to the Fifth Circuit's opinion in Wells, the Second Circuit decided to join the First and Third Circuits in finding that La. R.S. 40:982 adds a substantive element to the charged offense, which must be placed in the charging instrument and proved to the jury. Palmer, 36,779 p. 2, 834 So.2d at 18. The Second Circuit, like the Third Circuit in Williams, found itself bound to follow the prior case law unless the legislature or this Court revisited the issue. Palmer, 36,779 p. 4, 834 So.2d at 18-19.

Fourth Circuit
Prior to the instant case, which was appealed directly to this Court, the issue of the proper method of implementation of La. R.S. 40:982 has not been directly addressed by the Fourth Circuit.[21]

Analysis
After consideration of the constitutional provisions at issue, and our previous decisions cited as authority by the appellate courts, we hold that La. R.S. 40:982 is a sentencing enhancement provision which must be implemented after conviction similar to La. R.S. 15:529.1. We reject the contention that La. R.S. 40:982 is a substantive element of the drug-related offense which it seeks to enhance, as well as the contention that the prior offense must be placed in the bill of information with the drug-related offense and proven to a jury.
Our decision today is buttressed by the fact that the criminal statutes at issue in the Louisiana Supreme Court cases relied upon by the appellate courts involve criminal enhancement provisions fundamentally distinguishable from La. R.S. 40:982. The offenses in Compagno (selling liquor to minors), Bouzigard (possession of marijuana), Keys (possession of marijuana), Bass (DWI), Gerald (DWI) and Green (theft) were of the same nature as the prior convictions. In addition, the first offenses committed by the defendants in those cases were misdemeanors. The charge of the second or subsequent offense, prescribed within the same statute as the original offense, raised the grade of the offense to a felony.[22] Under those circumstances, the prior offense had to be placed in the bill of information as an element of the crime in order to fully inform the *416 defendant of the nature and charge brought against him because the prior, similar offense now transformed the criminal act into a felony, with different procedural requirements and consequences, in addition to enhancing the possible sentence. This Court properly found in these earlier cases that the prior offense must be charged in the bill of information, read to the jury and proved beyond a reasonable doubt. Likewise, in Pounds, the prior conviction was an element of the offense of being a convicted felon in possession of a firearm and, as an element of the offense, was properly required in the bill of information and proved at trial.
We find, however, that Murray was wrongly decided and must be reversed insofar as it has been cited as authority for the proper implementation of La. R.S. 40:982. The ultimate holding in Murray examined the limits of the prosecutor's discretion in selecting which of two applicable statutes to invoke. In attempting to discuss the proper implementation of La. R.S. 40:982, Murray erred in citing as authority cases involving fundamentally different types of criminal enhancement provisions. Murray relied upon Keys, Bass and Gerald. Yet, the rationale of those three cases interpreting criminal statutes for marijuana possession and DWI, which contain their own enhancement provisions, should not have been broadly applied to a stand-alone sentencing enhancement provision like La. R.S. 40:982.
Unlike criminal statutes which contain their own enhancement provisions for multiple violations of the same criminal act, La. R.S. 40:982 is a completely separate statute which does not in and of itself define a crime. In addition, La. R.S. 40:982, like La. R.S. 15:529.1, is applicable to numerous different and unrelated felonies. Although all of the felonies must be prohibited under the Uniform Controlled Substances Law in order for La. R.S. 40:982 to be applicable for sentence enhancement, the felonies are not required to be violations of the same criminal act. La. R.S. 40:982 does not transform the prior felonies into an element of the most recently committed offense, nor does the statute effect the grade of the offense, the trial procedure for the adjudication of that offense or the consequences, except to allow enhancement of sentence.
In Louisiana, sentencing is strictly a function performed by the trial judge. See La.C.Cr.P. art. 871(A) ("A sentence is the penalty imposed by the court on a defendant upon a plea of guilty, upon a verdict of guilty or upon a judgment of guilt.") (emphasis supplied). Thus, we find no rational basis or compelling state interest for a jury to be apprised of a defendant's prior conviction during the trial of the second or subsequent drug-related offense for purposes of sentence enhancement under La. R.S. 40:982.[23] This sentence enhancement provision can still be enforced without presenting the allegations of a defendant's prior convictions to the jury before a determination of guilt for the instant offense is made.

CONCLUSION
For the foregoing reasons, we hold that La. R.S. 40:982 should be treated as a sentencing enhancement provision after conviction, like La. R.S. 15:529.1, and not *417 as a substantive element of the presently-charged offense. Specifically, the allegations of the prior offense must not be placed in the charging instrument of the second or subsequent drug-related offense nor may evidence of the prior offense be presented to the jury determining the defendant's guilt or innocence in the trial of the second or subsequent drug-related offense for the purpose of sentence enhancement under La. R.S. 40:982.
State v. Murray, 357 So.2d 1121 (La. 1978), and any appellate decisions, as discussed herein, which stand for the proposition that a prior conviction must be placed in the charging instrument of the second or subsequent drug-related offense or proved to the jury in order to enhance the sentence of a drug-related felony under La. R.S. 40:982, are hereby overruled.
So finding, we hold that the trial court properly granted the motion to quash the bill of information in this matter as the state misapplied La. R.S. 40:982 by placing the allegation of the prior offense in the bill of information. The ruling of the trial court on the motion to quash is AFFIRMED. We hold that La. R.S. 40:982, properly applied as a sentencing enhancement after a defendant has been convicted of two or more drug-related offenses under the Uniform Controlled Substances Law, is constitutional. The trial court's ruling finding La. R.S. 40:982 unconstitutional is REVERSED.

DECREE
GRANTING OF MOTION TO QUASH BILL OF INFORMATION AFFIRMED; RULING FINDING LA. R.S. 40:982 TO BE UNCONSTITUTIONAL IS REVERSED.
NOTES
[1] The record reflects that the state attorney general's office was provided notice of the motion.
[2] Record, p. 64, 66.
[3] La. Const. art. 5, § 5(D) provides in pertinent part:

(D) Appellate Jurisdiction. In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law of ordinance has been declared unconstitutional....
[4] La. R.S. 15:529.1 is entitled "Sentences for second and subsequent offenses; certificate of warden or clerk of court in the state of Louisiana as evidence," and provides generally in pertinent part that "any person who, after having been convicted within this state of a felony or adjudicated a delinquent ... or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows: ...". See La. R.S. 15:529.1(A)(1).
[5] Acts 1934, 2nd Ex.Sess., No. 14, § 20 set forth penalties for the violation of the act, and provided: "Any person violating any provision of this act shall upon conviction be punished, for the first offense, by imprisonment at hard labor for not less than 20 months nor more than five years." Although a penalty is provided for a first offense, there was no provision made for a second or subsequent offense in this initial legislation.
[6] Acts 1934, 2nd Ex.Sess., No. 14, § 25 provided: "This act may be cited as the Uniform Narcotic Drug Act." The act is also known as the "Uniform Narcotic Drug Law."
[7] Earlier amendments, however, did state that punishment for second and subsequent convictions for drug addiction, then a crime, would not be suspended or probated. See Acts 1948, No. 416, § 2 and Acts 1951, 1st Ex.Sess. No. 30.
[8] Acts 1970, No. 457 enacted La. R.S. 40:977, which provided:

(a) Any person convicted of any offense under this subpart, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both. If the conviction is for an offense punishable under subsection 971(b)(1) or subsection 971(b)(2) of this Title, and if it is the offender's second or subsequent offense, the court may impose in addition to any term of imprisonment and fine, twice the special parole term otherwise authorized.
(b) For purposes of this section, an offense shall be considered a second or subsequent offense, if, prior to the commission of such offense, the offender had at any time been convicted of an offense or offenses under this subpart relating to the unlawful use, possession, production, manufacture, distribution or dispensation of any narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.
[9] Acts 1972, No. 634 added the provision that twice the special parole term may be imposed for violation of certain statutes and renumbered the section as La. R.S. 40:982.
[10] Acts 1973, No. 207 amended subsection (B) to provide that a prior offense for the purposes of enhancement under this statute may include any conviction of this state, the United States, any other state of or any foreign country related to drug-related offenses.
[11] U.S. Const. Amend. VI provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation...." Similarly, La. Const. art. 1, § 13 provides in pertinent part: "In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him."
[12] U.S. Const. Amend. V provides in pertinent part: "No person ... shall be compelled in any criminal case to be a witness against himself...." Similarly, La. Const. art. 1, § 16 provides in pertinent part: "No person shall be compelled to give evidence against himself."
[13] The Court specifically mentioned the following criminal statutes which have provisions within the same statute for repeat offenders: La. R.S. 14:67-Theft, La. R.S. 14:98-Operating a Vehicle While Intoxicated, La. R.S. 14:99-Reckless Operation of a Vehicle. Bouzigard, 286 So.2d at 635. There are other similar examples within the criminal statutes, i.e., La. R.S. 14:82-Prostitution.
[14] Keys relied, in part, on Bouzigard for the proposition that the prosecution for multiple-offender possession of marijuana must include in the bill of information the charge that the defendant had been previously convicted of the same offense. Keys, 328 So.2d at 158.
[15] At that time, La. R.S. 14:95.1 provided:

§ 95.1. Possession of firearm or carrying concealed weapon by a person convicted of certain felonies
A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon. See Acts 1975, No. 492 § 2.
[16] 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).
[17] The criminal procedures at issue in Texas were that, "through allegations in the indictment and the introduction of proof respecting a defendant's past convictions, the jury trying the pending criminal charge was fully informed of such previous derelictions, but was also charged by the court that such matters were not to be taken into account in assessing the defendant's guilt or innocence under the current indictment." Id., 385 U.S. at 556, 87 S.Ct. at 649-650. Spencer also noted that, in Texas, [unlike in Louisiana] the jury determines the sentence. Id., 385 U.S. at 557, 87 S.Ct. at 650.
[18] Rodriguez continues to be followed in the First Circuit. See State v. Howard, XXXX-XXXX (La.App. 1 Cir. 3/28/02), 814 So.2d 47, writ denied, 02-1485 (La.5/16/03), 843 So.2d 1120.
[19] The decisions of the circuit courts will be discussed in temporal order, and not numerical order in order to show how the issue has developed.
[20] This is a reference to Spencer v. Texas, supra.
[21] Only two Fourth Circuit cases were found in the annotations to La. R.S. 40:982. In State v. Guillard, 98-0504 (La.App. 4 Cir. 4/7/99), 736 So.2d 273, the defendant was charged with possession of cocaine. After Guillard was convicted of the charge by a six-member jury, he was adjudicated to be a third felony offender and sentenced accordingly. Although the provisions of La. R.S. 40:982 were not mentioned specifically, the appellate court noted that "a possible adjudication as a habitual offender is a separate proceeding that punishes one for his status as a recidivist, not for the most recent conviction." Guillard, XXXX-XXXX p. 9, 736 So.2d at 279.

In State v. Echols, 99-2226 (La.App. 4 Cir. 10/4/00), 774 So.2d 993, writ denied, 00-3058 (La.10/5/01), 798 So.2d 962, the Fourth Circuit reviewed Echols' guilty plea to a multiple offender bill of information charging him as a third felony offender. Although the trial court had not advised Echols pursuant to La.C.Cr.P. art. 556.1 that the offense to which he pleaded guilty could be used under La. R.S. 40:982 to enhance the penalty for any subsequent drug offense he might commit, the appellate court found this error to be harmless since Echols would also be eligible to be adjudicated a fourth felony offender with more severe sentencing provisions.
[22] Or, in the case of Compagno, the second offense authorized the state to seek the penalty of permanently revoking the defendant's right to operate a certain type of business.
[23] Due to the pre-trial procedural posture of this case, we are not called upon here to discuss the applicability of a harmless error analysis under State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94, or the possible ameliorative effects of a limiting instruction post-Green, to circumstances in which a prior offense was listed in the charging instrument, read to the jury and of which evidence was presented at trial.