# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**08-93**

**STATE OF LOUISIANA**

**VERSUS**

**JOSEPH LEROY BAILEY, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71816
HONORABLE LESTER P. KEES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Michael G. Sullivan, and J. David Painter, Judges.

**MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCES AFFIRMED.**

**G. Paul Marx**
**Louisiana Appellate Project**
**P.O. Box 82389**
**Lafayette, LA 70598**
**Counsel for Defendant-Appellant:**
    **Joseph Leroy Bailey, Jr.**

**Mark H. Kramar**
**Office of the District Attorney**
**P.O. Box 1188**
**Leesville, LA 71446**
**Counsel for Appellee:**
    **State of Louisiana**

PAINTER, Judge.

Pursuant to a plea agreement, Defendant pled guilty to first offense possession of marijuana with intent to distribute and third offense possession of marijuana. His trial counsel filed a motion for appeal coupled with a request that the Louisiana Appellate Project be appointed to represent him, which motion and request were granted. Appeal counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). Finding no non-frivolous issues for review, we grant the motion to withdraw and affirm and the convictions and sentences imposed in connection with Defendant's guilty pleas.

## FACTS AND PROCEDURAL HISTORY

At the plea hearing, the following facts were recited by the State:

> The State contends that on November 9th, 2006 this Defendant was under supervision of the Department of Probation and Parole - - Department of Corrections, Probation and Parole, that a search of the premises that were subject to his control revealed that he had in his possession marijuana which apparently was for personal use as well as an additional amount of marijuana, a larger quantity of marijuana, in a separate location that was apparently available for dispensing or giving to other persons whether for free or for money, but, nevertheless, to say separate stash as they say, that this all occurred on this date within this Parish and that at the time the Defendant was - - had been previously convicted on two prior occasions in the Thirtieth Judicial District Court in fact of the offense of possession of marijuana. This being a third time for him to have possession of marijuana.

On March 20, 2007, the State charged Defendant with possession of marijuana, with intent to distribute, second offense, in violation of La.R.S. 40:966 and La.R.S. 40:982; possession of marijuana, third offense, in violation of La.R.S. 40:966; possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1; and possession of drug paraphernalia, in violation of La.R.S. 40:1023. On September 5, 2007, pursuant to a plea agreement, Defendant pled guilty to an amended version of

1

the first count, i.e., to first-offense possession of marijuana with intent to distribute, and to the second count, third-offense possession of marijuana. The State agreed to dismiss the third and fourth counts. The State also agreed not to institute habitual offender proceedings and joined the defense in recommending concurrent sentences. The trial court ordered a presentence investigation (PSI).

On November 28, 2007, the court sentenced Defendant to seven years at hard labor, with a fine of $1,250.00, on the first count; on the second count, the court sentenced him to seven years at hard labor. The sentences were ordered to run concurrently.

## DISCUSSION

Pursuant to *Anders v. California*, 386 U.S. 738, Defendant's appellate counsel has filed a brief stating that he could find no errors on appeal that would support reversal of Defendant's convictions or sentences. Therefore, he seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir.1990), the fourth circuit explained the *Anders* analysis as follows:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

2

Pursuant to *Anders* and *Benjamin*, this court has thoroughly reviewed the record, including pleadings, minute entries, the charging instrument, and the transcripts. Defendant was properly charged by bill of information and was present and represented by counsel at all crucial stages of the proceedings. He tendered a plea of guilty pursuant to a plea agreement after being duly advised of his rights. The sentences imposed are within the proper ranges. As appellate counsel points out, Defendant benefitted substantially from the plea agreement in that he avoided possible habitual offender proceedings.

In Count 1 of the bill, the State improperly included information regarding prior offenses, pursuant to La.R.S. 40:982. This is prohibited by *State v. Skipper*, 04-2137 (La. 6/29/05), 906 So.2d 399. However, as noted earlier, Defendant ultimately pled guilty to a reduced charge of first-offense possession of marijuana under Count 1. Because the matter never went before a jury, Defendant was not prejudiced by the bill's inclusion of information regarding his prior convictions. Thus, there is no viable *Skipper* issue in this case.

Also, the State failed to amend the bill to reflect the lesser charge Defendant pled to under count 1. However, even if error occurred, it would clearly be harmless. *State v. Jackson*, 04-2863 (La. 11/29/05), 916 So.2d 1015; *State v. Martin*, 626 So.2d 961 (La.App. 3 Cir. 1993).

Thus, this court has found no issues which would support an assignment of error on appeal.

## CONCLUSION

Appellate counsel's motion to withdraw is granted.  Defendant's convictions and  sentences are affirmed.

**MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCES AFFIRMED.**