BROWN, Chief Judge.
_JjThe issue presented in this appeal addresses the appropriate remedy for a violation of the rule pronounced in State v. Skipper, 04-2137 (La.06/29/05), 906 So.2d 399. Objections to the inclusion of other crimes evidence occurred after verdict and defendant, Robert A. Lilley, additionally raised the question of competency of counsel in a new trial motion.[1] We affirm.

Discussion

Denial of Motion for New Trial

According to defendant, he is entitled to a new trial under State v. Skipper, supra, based upon the inclusion of references to other crimes in the charging document, in opening and closing statements, in the presentation of evidence and in the judge’s charge to the jury.
The state admits error but argues that defendant waived his right to challenge this error by failing to raise it in a timely manner through a motion to quash and/or by objecting at trial, citing State v. Ruiz, 06-1755 (La.04/11/07), 955 So.2d 81.
La. R.S. 40:982 provides:
(A) Any person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both. If the conviction is for an offense punishable under R.S. 40:966(B), R.S. |;,40:967(B), R.S. 40:968(B) or R.S. 40:969(B), and if it is the offender’s second or subsequent offense, the court may impose in addition to any term of imprisonment and fine, twice the special parole term otherwise authorized.
(B) For purposes of this section, an offense shall be considered a second or subsequent offense, if, prior to the commission of such offense, the offender had at any time been convicted of any violation of this state, the United States, any other state of or any foreign country, relating to the unlawful use, possession, production, manufacturing, distribution, or dispensation of any narcotic drug, marijuana, depressant, stimulant, or hallucinogenic drug.
As noted by the supreme court in State v. Skipper, supra, La. R.S. 40:982 does not in and of itself define a crime. Instead, it should be treated as a sentencing enhance- *350 merit provision after conviction, not as a substantive element of the presently charged offense. However, in State v. Ruiz, 955 So.2d at 86-7, the supreme court, citing the contemporaneous objection rule, held that a defendant’s failure to object to the inclusion of the prior convictions in the bill of information, to object to the presentation of evidence of these convictions to the jury, and to request a limiting instruction from the trial court, waives any error with respect to the rule set forth in State v. Skipper, supra. See also State v. Senegal, 06-1351 (La.09/28/07), 965 So.2d 386.
We are constrained to follow the law as set forth by the Louisiana Supreme Court in State v. Skipper, supra, State v. Ruiz, siepra, and State v. Senegal, supra. Inasmuch as defendant neither filed a motion to quash nor objected to the other crimes evidence introduced during trial, he has waived the error on appeal. This assignment of error is without merit.

|Ineffective Assistance of Counsel

Defendant asserts that defense counsel’s failure to file a motion to quash or to make objections during trial to the use of other crimes evidence was per se ineffective assistance of counsel. We note that defense counsel was not court-appointed but was retained by defendant.
Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). To establish a claim for ineffective assistance of counsel, a defendant must demonstrate that his attorney’s performance fell below a standard of reasonableness under prevailing professional norms and that his counsel’s errors or omissions resulted in prejudice so great as to undermine confidence in the outcome. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. LaCaze, 99-0584 (La.01/25/02), 824 So.2d 1063, cert. denied, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002). To show prejudice, the defendant must demonstrate that, but for his counsel’s unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, supra. An error is prejudicial if it was so serious as to deprive the defendant of a fair trial or a trial with a reliable result. Id.
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court than by appeal. This is because post-conviction relief creates the opportunity for a full evi-dentiary hearing under La. C. Cr. P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Ellis, 42,520 (La.App. 2d Cir.09/26/07), 966 So.2d 139, writ denied, 07-2190 (La.04/04/08), 978 So.2d 325. A motion for new trial is also an accepted vehicle by which to raise such a claim. Id. When the record is sufficient, this issue may be resolved on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Willars, 27,394 (La.App. 2d Cir.09/27/95), 661 So.2d 673.
In this case, the issue of competency of counsel was raised in a motion for new trial and the record is sufficient to resolve the issue on direct appeal.
In light of the fact that State v. Skipper, supra, was rendered approximately 18 months before this prosecution was initiated, it appears on the record before the court that the performance of defendant’s attorney “fell below an objective standard of reasonableness under prevailing professional norms” when he failed to file a motion to quash the charging instrument *351 and/or object to the introduction of evidence of defendant’s prior drug offense during the trial.
In State v. Ruiz, supra, the Louisiana Supreme Court held that the treatment of La. R.S. 40:982 as a substantive crime and placement of the defendant’s prior offense(s) in the charging instrument and before the jury do not rise to the level of structural error. Specifically, the court held that the error does not necessarily render the criminal trial fundamentally unfair or unreliable. In each case, the error must be quantitatively assessed in the | scontext of the other evidence to determine whether its admission at trial is harmless. State v. Ruiz, 955 So.2d at 86.
On November 3, 2006, seven members of the DeSoto Parish Sheriffs Department executed a search warrant of defendant’s apartment. During the search, the officers found 1 lb., 5 oz. of marijuana, 12 grams of cocaine, four Vicodin caplets, and 300 (2-mg) tablets of Alprazolam. All of the drugs were found in the apartment’s kitchen. The cocaine was found in a fake soup can in a kitchen cabinet, a small bag of marijuana and the Alprazolam were found in the icebox, a brick of marijuana was found in a cabinet next to the icebox, and the Vicodin pills were found in a cardboard box in a kitchen cabinet.
Sergeant Michael Banta, supervisor with the DeSoto Parish Sheriffs Narcotics Division, testified that the amount of marijuana recovered had a street value of approximately $1,700, and that 12 grams of cocaine were more than would typically be associated with personal use. Sergeant Banta also testified that Alprazolam is the generic form of the drug Xanax and that it is not typically prescribed in 2 mg dosages.
Three sets of scales were found in the kitchen. One of the scales contained a white powdery residue which field-tested positive for cocaine. The officers also found one-inch by one-inch Ziploc bags and measuring cups.
In the bedroom, the officers observed and photographed evidence pointing to the fact that the apartment did in fact belong to defendant, including an ID card with defendant’s name and picture and a food stamp | fiapplication with defendant’s name, social security number and the address of the apartment the officers were searching. Lastly, the officers found only men’s clothing in the closet in a size consistent with that of defendant.
The matter was tried by a 12-person jury on March 26 and 28, 2007. Evidence was adduced from two of the officers who executed the search warrant as to the items discovered by them in defendant’s apartment. In addition to identifying the drugs and paraphernalia listed above, both officers testified that, in their experience, the amount of cocaine, marijuana and Al-prazolam found in defendant’s apartment were inconsistent with personal use. They further identified the scales and Ziploc baggies as consistent with the measurement and packaging of illegal substances for resale. Lastly, the state introduced, without objection from defense counsel, evidence of defendant’s 1993 conviction for possession of cocaine by submitting into the record copies of the bill of information reflecting the charge, the court minutes, and the transcript of the hearing wherein defendant entered a plea of guilty.
Harmless error begins with the premise that the evidence is otherwise sufficient to sustain the conviction if viewed from the perspective of a rational factfin-der and asks whether beyond a reasonable doubt the error could not have contributed to the verdict actually returned by the jury. State v. Haddad, 99-1272 (La.02/29/00), 767 So.2d 682, cert. denied, *352 531 U.S. 1070, 121 S.Ct. 757, 148 L.Ed.2d 660 (2001). The inquiry is whether the guilty verdict actually rendered in this trial was surely unattributable to the error. Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).
The jury heard the testimony of two officers who conducted the search of defendant’s apartment and found the offending contraband. The officers also testified to finding digital scales, measuring cups, and small plastic baggies ordinarily used in the measuring and packaging of drugs for sale. Based upon this uncontro-verted evidence, the inclusion in the bill of information of allegations of a prior drug conviction and references to the jury to that effect were harmless.
Furthermore, the jury’s verdict on the second or subsequent offense charge indicates that the jury was not inclined to prejudge defendant on the basis of his prior conduct. While as a matter of fact the jury concluded that defendant had committed the prior offense for which he was convicted, they voted not to submit him to the enhancement penalty provided for in the statute. There is no evidence that the jury was inclined to attribute guilt to defendant on his present charges as a result of his prior criminal conduct. This assignment of error is without merit.

Conclusion

For the reasons set forth above, defendant’s convictions and sentences are AFFIRMED.

. Defendant received the following sentences for the first four convictions: eight years imprisonment at hard labor for possession with intent to distribute a Schedule I CDS (marijuana); eight years imprisonment at hard labor with the first two years to be served without the benefit of probation, parole or suspension of sentence for possession with intent to distribute a Schedule II CDS (cocaine); five years imprisonment at hard labor for possession of a Schedule III CDS (Vico-din); and eight years imprisonment at hard labor for possession with intent to distribute a Schedule IV CDS (Alprazolam). The trial court did not impose a sentence for defendant's conviction of count five as a second offender. The court ordered all sentences to run concurrently.